Ketchum *v*. State of Oregon.

---

FREDERICK KETCHUM, Respondent, *v*. STATE OF OREGON, Appellant.

## Appeal from Clatsop County.

1. If there be more than one cause of action, and the demurrer be to the whole complaint, and one of the causes of action be good, the demurrer will be overruled.
2. When the statute of limitations begins to run against certain causes of action.

ON the 12th day of January A. D. 1853, the legislature of the territory of Oregon appointed commissioners to locate a road from near Astoria to the Willamette valley, and authorized them to procure all necessary assistance, &c., and promised to pay such aid at the rate of five dollars per day. Plaintiff, Ketchum, was one of the persons so employed, and on presentation of his claim to the legislature in 1854, 5, received three dollars only for each day; leaving a balance of

two dollars per day unpaid. He also presented a claim for services of horses used by the said commissioners as pack-animals; which claim was disallowed by the legislature; and the plaintiff brought suit against the State under the act of October 17th, 1862, to recover said balance, and for services of horses, amounting to four hundred dollars. The prosecuting attorney demurred to the complaint on two grounds—1st, that the complaint does not state facts sufficient to constitute a cause of action; and 2d, that the action has not been commenced within the time limited by the statute.

Upon this issue in law the court below overruled the demurrer and gave judgment for plaintiff on both issues. The State appealed from that judgment relying upon the demurrer.

*E. W. Hodgkinson,* prosecuting attorney for State.

*Cyrus Olney, Esq.,* for respondent.

WILSON, J. The demurrer specifies one general, and one special ground; one being to the merits of the case, and the other operating as a bar. The application of a few well known principles will dispose of the first ground. The demurrer admitting the truth of all the alleged facts, and denying their sufficiency, claims a judgment in law. The first ground of demurrer goes to the whole complaint. There are clearly two distinct causes of action in the complaint, upon each of which plaintiff relied for recovery. The first is for the balance of a claim, concerning whose validity there can be no doubt since the legislature recognized and partially discharged it, and it is certainly well pleaded and amply sufficient when undenied to warrant judgment.

The second ground is in the nature of an implied obligation, and under the state of pleading, and known state of the case, we might well hold it a valid, well pleaded claim; but that labor is not required here, after that we apply a settled

Ketchum *v.* State of Oregon.

rule of pleading. If there be more than one cause of action and the demurrer be to the whole complaint, and one of the causes of action be good, the demurrer will be overruled. (*Van Santvoord Pleadings,* 652; *Butler* v. *Wood,* 10 *How. Pr. R.,* 222; 8 *Wendell,* 129; 10 *Peters,* 257.) The first claim is undoubtedly well set out, and for this reason that part of the demurrer is not well taken; this point was substantially settled in this court in 1 *Oregon R.,* 357. As to the second point, previous to 1862 there was no general statute, authorizing the commencement of an action against the State, and, as a consequence, holders of claims were under the necessity of seeking redress by appealing to the generosity or justice of the legislature. By the act of October 17th, 1862, pages 78, 79, any person having claims against the late territorial government of Oregon, or present State government, were authorized to bring action or suit against the State of Oregon in the Circuit Court for the county where the claimant resides. *Section* 4 *of that act, page* 79, *Session Laws of* 1862, is somewhat peculiar in its language, and is relied upon by both parties here; it reads thus: " That the presentation of a claim now existing to the legislative assembly, or either house thereof, whether of the territorial government or the present State government, shall be deemed and construed equivalent to the commencement of an action or suit therefor, so as to prevent the same from being barred by the statute of limitations." *Section* 6, *page* 5 *of the Code,* is the one which contains the limitation to the commencement of actions or suits upon express or implied contracts or upon a liability created by statute; and fixes that kind at six years after the cause of action shall have accrued.

The complaint in this case shows that the cause of action, and the presentation of the claim to the legislature, both occurred more than six years previous to March 22d, 1864, the time of filing this complaint. Counsel for the State now insists that under the statute, and showing of this state of facts, the plaintiff is too late, and that is the point in the case.

On the other hand, counsel for appellee claims that the claim of plaintiff below is not only not barred, but having been once presented to the legislature cannot ever be barred by that statute of limitations. No authorities have been cited by counsel. It will not be necessary to determine the truth of the full position taken by counsel for appellee, and we shall only ascertain whether this claim in question is barred, without deciding how much longer it might have remained unprosecuted and yet be valid. Statutes of limitations are intended to be statutes of repose, to prevent litigation; and where one has slept for years with a full knowledge of his rights, and seeks only to enforce them when essentially important witnesses have long since departed from the jurisdiction or reach of process, and the defendant is powerless from the frailties of human memory, it is eminently proper that the law should expressly intervene, and say to the plaintiff that his sleeping has been too long, and the advantage now sought too grossly faulty to be encouraged. This view of the benefit of such a statute supposes that all this time the claimant was resting under the shadow of judicial tribunals whose assistance he might invoke; that by law he could at any time enforce his claim by action, and that he abused that right, and by delay disarmed his opponent of his watchfulness. Truly, the plaintiff has a right to choose the time to enforce his rights, but it is a provident feature in the law to say that he must exercise that right within a reasonable time or the law will presume his claim satisfied. (*McLaughlin* v. *Hoover*, 1 *Oregon R.*, 31; *Baldro* v. *Tolmie*, 1 *Oregon R.*, 179.)

But this case comes very far short of such an one. Here the claimant had no right to sue previous to the act of October 17, 1862. He could only seek the uncertain justice of the legislature, and must abide the vote of a majority of its members. By that statute he obtained the right to sue, and we think his claim is not barred, and would not be at least for the lapse of the statutory time after the taking effect of

this enabling act. The statute of limitations must have some right upon which to operate, something which after a term of years would be extinguished and a new class of rights created. These statutes operate upon the remedy, and it is only just that they shall not operate with the harm enuring wholly to one party. The State of Oregon cannot enjoy the fruits of the labor of individuals and then shield itself from recompensing them by reason of a lapse of time, during which its legislatures have wholly failed to open any remedial avenue through which the suffering party could seek his rights. In the case of *McLaughlin* v. *Hoover*, above cited, this court very properly said, " that it is the duty of the court to apply the remedy by limitations in all cases, except where it would cut off the right, and then the court is bound by the fundamental law to give a party reasonable time in which to escape such remedy." The plaintiff below has been diligent, and sought in the proper way and time to enforce his claim, and this court should be ever ready to affirm such act.

The judgment is affirmed.