This is an action against the city of Medford to recover for the value of certain water rights in Big Butte creek in Jackson county, which the plaintiffs allege the city has unlawfully taken away from them. The pleadings leave it somewhat in doubt as to whether plaintiffs are suing in tort or upon an implied contract, but the plaintiffs claim that the action is for damages, and we so treat it, the form of action being, in our view, immaterial.
The complaint begins by setting out the inception of the alleged water right as follows:
"That heretofore, to wit, on the 11th day of November, A.D. 1913, one R.A. Rowley, husband of Isabella Rowley and father of Arthur R. Rowley, above named, all in the manner and form required by law, duly filed upon and appropriated certain waters out of Big Butte creek, Jackson county, Oregon, and on said day duly *Page 407 
filed with the state engineer of the state of Oregon, his application to appropriate such waters, same being filed upon for irrigation and municipal and other purposes as is shown by said application now on file and of record in the office of the state engineer of the state of Oregon at Salem, Oregon, and thereupon there was issued to the said R.A. Rowley, a permit No. 1811, being of record in volume 8 of permits on page 1911 thereof; that thereafter the said R.A. Rowley appropriated additional water from the said Big Butte creek under permit No. 1867 of record in volume 8 of permits, at page 1687 thereof, Record of Permits, in the office of the state engineer of the state of Oregon at Salem, Oregon; that said R.A. Rowley and one H.G. Stoeckman thereafter made application for and filed upon further water from the said Big Butte creek as shown, by the application now being on file and of record in the office of the said state engineer to which respective permits and records reference is hereby made and each thereof are hereby referred to and by such reference are hereby made a part hereof as fully and completely as though same were interpleaded herein."
Then follow allegations showing that by various conveyances plaintiffs have succeeded to all the rights of the original owner of the permits. Then follows a recitation of what the plaintiffs and their grantors have done in relation to their proposed appropriation, which is as follows:
"That these plaintiffs and their said grantors, prior to the 6th day of September, 1915, under the provisions of the said respective permits and applications, and under and pursuant to the laws of the state of Oregon, and the requirements of the state water board and the state engineer of the state of Oregon, did and performed a large amount of work in connection with the perfection of the said respective water rights, in the performance of which they necessarily expended upon said projects a considerable sum of money and *Page 408 
labor looking to the perfection of the said water rights and the application of the said water to a beneficial use, all of which was done in entire good faith and in full compliance with the laws of the state of Oregon and the rules and regulations of the state water board and state engineer's office."
It is further alleged that on September 6, 1915, Ralph A. Rowley, the predecessor in interest of plaintiffs, and John H. Lewis, the then state engineer of the state of Oregon, entered into an agreement, which is set forth in full in an exhibit to the complaint, and is as follows:
 "EXHIBIT A.
"Whereas, Ralph A. Rowley, has heretofore filed with the state engineer, applications Nos. 3170 and 3287, upon which said applications permits Nos. 1867 and 1811, have heretofore been issued by the state engineer of Oregon, and is the holder and owner of application No. 4007, and permit No. 2338, assigned to him by H.G. Stoechmann, the said applications and permits being hereto attached, hereby referred to and made a part hereof, and
"Whereas, said applications and permits were filed and made to appropriate the waters of Big Butte creek as set forth in said applications and
"Whereas, it is proposed that the state engineer of Oregon, in cooperation with the proper department of the United States shall make such investigation and surveys and reports thereon relative to the feasibility of irrigating lands susceptible of irrigation from said Big Butte creek, together with other sources of water supply, and that for the purpose of making such investigations and surveys the said state engineer shall withdraw and withhold from appropriation the unappropriated waters of Big Butte creek so that the same may be utilized for the irrigation of said lands, should the project therefor be found feasible, and *Page 409 
"Whereas, it is proposed that the waters thus withdrawn from appropriation shall be withdrawn as security for the repayment of moneys expended in such investigations in accordance with the provisions of chapter 87, General Laws of Oregon for 1913.
"Now, therefore, the undersigned Ralph A. Rowley, hereby signs, relinquishes and transfers to John H. Lewis, state engineer of Oregon, for the sum of one dollar ($1.00) and other considerations to him paid, the receipt whereof is hereby acknowledged, all his right, title and interest in and to said applications and permits and the water rights thereby initiated in and to waters of said Big Butte creek and hereby authorizes and directs the state water board of Oregon to cancel said applications and permits of record in the office of said state engineer and its office if the projects investigated by said state engineer requiring use of the water in said Big Butte creek shall be reported to be feasible as a result of said investigations and surveys, provided, however, if said project shall not be reported to be feasible said state engineer shall reassign and retransfer said applications and permits to said Ralph A. Rowley and said Ralph A. Rowley shall thereupon be entitled to all rights under said applications and permits as if said transfer and assignment herein made had never been executed.
"It is understood and agreed by said Ralph A. Rowley that said state engineer shall have full power and authority to withdraw and withhold from appropriation all the unappropriated waters of said Big Butte creek and all the waters included and embraced within said applications and permits and that for the purpose of said withdrawal said applications and permits shall be considered and regarded as if the same had never been made and as if no rights had been initiated thereunder by said Ralph A. Rowley pending such investigations and until the moneys expended in such investigations shall have been repaid as provided in said chapter 87 of General Laws of Oregon for 1913, if as a result of said investigation a report shall be made in accordance *Page 410 
with said chapter 87 that said project is feasible; otherwise if said project be reported not to be feasible said permits and applications to be reassigned to said Ralph A. Rowley as hereinbefore provided. It is understood that in the event said project is reported feasible and said permits are cancelled that the state engineer shall withhold said waters from further appropriation until said Rowley shall have been reimbursed in such amount for the value of said permits as shall be determined by a board of arbitration consisting of one person to be selected by said Rowley, one person by the person, corporation or directors of the irrigation district seeking to appropriate said waters to carry out said project, and one person to be selected by said persons so selected. "Ralph A. Rowley.
"Witnesses:
"James T. Chinnock, "H.G. Stoeckmann."
The alleged agreement for relinquishment was not signed by the state engineer. The complaint further alleges:
"That under the terms of said assignment the said state engineer of the state of Oregon, took full and complete possession of all of the rights in said water of the said R.A. Rowley, and the said R.A. Rowley relinquished all use and authority over the same during the time during which the same was held by said engineer with the distinct understanding and agreement, however, between him and the state engineer that such relinquishment was made temporarily only and for the purpose of enabling the said state engineer and the state water board to carry out the investigations referred to in said agreement for the purposes therein set forth and not otherwise, and with the distinct understanding and agreement between said parties at said time that pending the completion of such investigation the rights of the said R.A. Rowley under said respective permits should be kept intact without the necessity on his part, or in his behalf, of in any way doing or performing any further labor or expending any *Page 411 
further moneys upon such projects during the time of such investigation as aforesaid, he, the state engineer, at said time stating and representing to the said R.A. Rowley that he, as such state engineer, and as a representative of the state water board of the state of Oregon had full right and authority to, and that he did, enter into said agreement in behalf of himself and the state water board of the state of Oregon, and that he had full right and authority so to do, and to so suspend the operations of the laws of the state of Oregon pertaining to the acquiring of water rights, temporarily, for the purpose set forth in said agreement; that the said R.A. Rowley fully relied upon and believed the representations of the state engineer as aforesaid and with full reliance thereon entered into said contract `Exhibit A,' in the best of good faith, for the purposes therein stated, firmly believing that his rights to the said water of the said creek would be held intact for redelivery to him, or for sale to others, as in said agreement provided, and that he would not have entered into said agreement, nor discontinued the construction of the said water projects had he not relied upon the representations so made by the state engineer as aforesaid."
It is further alleged that on February 2, 1925, the legislature enacted what is known as chapter 166, Laws 1925, whereby all water rights in Big Butte creek were granted to the city of Medford, subject, however, to any existing water rights in said stream with authority to its officers to appropriate all of the waters thereof. The proceedings for application for such appropriation are set forth in the complaint, but the details, not being material here, are omitted. It is alleged that when the defendant made its application for such appropriation, it and its officers, agents and attorneys, well knew of the agreement and trust relationship between plaintiffs' predecessors and the state engineer, and proceeded with full knowledge thereof. *Page 412 
The complaint also pleads House Joint Resolution No. 24, passed and filed with the secretary of state, March 1, 1927, and found on pages 715, 716, Session Laws, 1927, which resolution, after reciting by various whereases the alleged contract of Ralph A. Rowley with the state engineer, and the engineer's subsequent proceedings thereunder, further recites that:
"Whereas the withdrawn waters were allowed to be appropriated by the Eagle Point irrigation district and the city of Medford; and
"Whereas some question has arisen as to the authority of said John H. Lewis to enter into such agreement with the said Ralph A. Rowley covering the water rights issued to the said Ralph A. Rowley in permit 1811, recorded in volume 8 of permits on page 1811; in permit 1867 of record in volume 8, page 1687, and permit No. 4007, on behalf of the state of Oregon; now, therefore,
"Be it resolved by the house of representatives of the state of Oregon, the senate jointly concurring:
"That the acts of the said John H. Lewis, state engineer of the state of Oregon, in reference to the said agreement with the said Ralph A. Rowley, be hereby confirmed and validated and that the compensation due said Ralph A. Rowley shall be fixed and determined by a board of arbitration, as provided in said agreement; provided, that the liability of the city of Medford shall not be fixed at an amount exceeding two thousand dollars ($2,000); and provided further, that the liability of the Eagle Point irrigation district shall not be fixed at an amount exceeding three thousand dollars ($3,000); and provided further, that there shall be no obligation on the part of the state of Oregon."
The complaint then alleges that plaintiffs proposed to arbitrate with the city as suggested by the resolution, recites the refusal of the municipality to enter *Page 413 
into arbitration, alleges that the value of the water rights, of which plaintiffs have been deprived, is $250,000, and prays judgment for that sum.
There are several technical objections to the complaint, which we shall pass over without discussion, and only consider those which, in our opinion, are incapable of amendment. The statement as abridged here is necessarily long. Clearly, the alleged agreement between the state engineer and plaintiffs' predecessors was one which the state engineer had no authority to make, and therefore was invalid. We find no section of the water code or in the act of 1913, chapter 87, General Laws of 1913, that can, by any process of legal reasoning, be construed to give such authority. The case being here on demurrer we must, as a matter of law, assume that orally the state engineer agreed to accept the conveyances made to him by plaintiffs' predecessors, and, if he did, such agreement was void to the same extent as if it had never been made. As the case now stands there is no allegation that, since 1915, plaintiffs have ever taken any steps to perfect their water right, or to appropriate the water they or their grantors had applied for to any substantial use. The allegations as to what they did before this alleged surrender of their rights are vague. It does not state that they, or their predecessors, ever made a yard of surveys, or ever dug a rod of ditch, or put in a foot of dam in view of making a beneficial use of the water for which application had been made. The complaint only recites that prior to the 6th day of September, 1915, these plaintiffs and their grantors, under the provisions of their respective permits and applications, and under and pursuant to the laws of Oregon and the requirements of the state water board and the state engineer, *Page 414 
did, and performed, a large amount of work in connection with the perfection of said respective water rights, et cetera, (see quotation from complaint in statement).
At all events it appears plainly that from the 6th day of September, 1915, until the passage of the resolution by the legislature, they did nothing toward putting the water rights, which Rowley had assigned to the state engineer, to any beneficial use upon a void promise by the state engineer, if any were made, to reassign to them his rights under certain circumstances. Whether the plaintiffs acted in good faith or not, it is clear that the alleged trust was void, both for the reason that there was no authority in the state engineer to make it and because such an unauthorized agreement would be void as against public policy as unlawfully tending to tie up and delay the beneficial use of water for an indefinite period thereby preventing other prospective or possible appropriators from making a beneficial use of it. Plaintiffs' rights were dead and buried under the weight of years unless the resolution of 1927 resurrected them, and we hold that it did not.
Plaintiffs' counsel treats the resolution as though it had the force and effect of a law, which it clearly had not.
The power of the legislature to effectively legislate by resolution is confined within very narrow limits. It may provide for expenses incident to its sessions, such as employing clerks and stenographers and procuring supplies, and other matters incident to the carrying on of its business, but it can not go outside and legislate generally on matters involving property or other rights. As to such matters, its resolutions have only the effect of an expression of opinion and no more. "A resolution is not a law, but merely the form in which the legislative body expresses an opinion." *Page 415 
7 Words Phrases, title "Resolution," citing The Village ofAltamont v. The Baltimore O.S.W. Ry. Co., 184 Ill. 47,56 N.E. 340, (citing Chicago N.P.R.R. Co. v. City of Chicago,174 Ill. 439, 51 N.E. 596); Reynolds v. Blue, 47 Ala. 711.
The resolution was not a law, was not intended to be such, and was not binding on the city of Medford. It follows that when the act of 1925, supra, was passed, giving the city of Medford the right to appropriate and use the water of Big Butte creek, the plaintiffs had no "existing rights" to said waters, and that the resolution, passed by the legislature two years after the grant to the city, was ineffective for any purpose. If, through a misapprehension of one of the state's officers, the plaintiffs have lost any valuable rights, the legislature may atone for the mistake, if any, by appropriate legislation, but with that question we have nothing to do.
As against the defendant, the complaint does not state a cause of action, and the judgment of the circuit court is affirmed.
COSHOW, C.J., RAND and ROSSMAN, JJ., concur.