Argued February 26, reversed and remanded April 1, petition for
reconsideration denied May 8, petition for review allowed
August 6, 1974

BAKER, *Appellant, v.* CITY OF MILWAUKIE
ET AL, *Respondents,* ARCHER ET AL,
*Intervenors-Respondents.*

520 P2d 479

*Steven R. Schell,* Portland, argued the cause for appellant. With him on the briefs was Craig M. Chisholm, Portland.

*Myer Avedovech II,* Milwaukie, argued the cause and filed the brief for respondents.

*Gary M. Bullock,* Portland, argued the cause and filed the brief for intervenors-respondents.

*R. P. Smith,* Portland, filed a brief amicus curiae of Northwest Environmental Defense Center, Portland.

*William P. Hutchison,* Portland, filed a brief amicus curiae of Oregon Environmental Council, Portland.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

In this alternative writ of mandamus, petitioner sought to compel the city of Milwaukie to conform its zoning ordinance to its comprehensive plan, to cancel a variance approved by the City of Milwaukie Planning Commission, and to suspend issuance of building permits in areas of the city of Milwaukie where the zoning ordinance and map of the city allow a more intensive

use than the comprehensive plan. The city demurred to the alternative writ[1] and the trial court sustained defendants' demurrer. Petitioner refused to plead further and the court dismissed. Petitioner appeals from the order of dismissal.

Basically, the petition for alternative writ alleges that the petitioner is a property owner and resident of the city of Milwaukie, that the city adopted a zoning ordinance covering the area owned by the petitioner, and that, subsequent to the passage of the zoning ordinance, the city council, by resolution, adopted a comprehensive plan which included the property owned by the petitioner as well as property adjacent to that of petitioner, which property forms the subject matter of this proceeding. Petitioner further alleges that the comprehensive plan provides for a less intensive use for the property in question than does the existing zoning ordinance. The petition then states two grounds upon which the claims for relief are based:

"* * * * *

## "VIII

"Even though obligated to do so and even though more than three years have expired between the approval of the comprehensive plan and the present, Defendants City Councilmen have not even though they have a duty to do so, taken steps to modify the zoning in the area of concern to conform to the comprehensive plan for such area. Defendant inspector has failed or refused to indicate that he will suspend issuance of a building permit

---

[1] Pleadings in a mandamus proceeding are analogous to those in an action at law. The alternative writ is like the complaint, to which a demurrer or answer may be filed. Crawford v. School District No. 7, 68 Or 388, 394, 137 P 217, 50 LRA(ns) 147, 1915C Ann Cas 477 (1913).

for the area of concern until such time as the zoning of the City of Milwaukie conforms to the comprehensive plan for such city.

"IX

"On July 10, 1972, the Milwaukie City Council adopted Ordinance No. 1262, amending the zoning ordinance, which, among other things, in Section 14 sets forth the circumstances for granting variances. * * * On February 27, 1973, the Planning Commission of the City of Milwaukie, without a public hearing, approved Variance No. VR-73-2. The typed minutes of the Planning Commission meeting * * * fail to show that all the circumstances set forth in amended Section 7.02 of the zoning ordinance were found to exist. * * * Variance VR-73-2 was therefore improperly issued.

"* * * * *."

The defendant city and its officials demurred to the writ:

"Come now the defendants * * * and demur to the alternative writ of mandamus heretofore issued herein, on the following grounds and for the following reasons:

"1. That several causes of action have been improperly united;

"2. That said alternative writ of mandamus does not state facts sufficient to constitute a cause of action.

ORS 34.170"

After submission of briefs and oral argument, the court sustained the demurrer:

"* * * * *

"IT IS HEREBY ORDERED that the facts set forth in the petition are insufficient to sustain the relief prayed for in the petition.

"IT IS FURTHER ORDERED that the demurrer of the defendants be and the same is hereby sustained."

Since the trial court has not ruled on the question of improper joinder of causes of action, we need not consider that question here; rather, we need only consider whether the petition does, in fact, state facts sufficient to constitute a cause of action. Of course, for purposes of appeal the demurrer admits all facts that are well pleaded. *Musgrave et ux. v. Lucas et ux.,* 193 Or 401, 408, 238 P2d 780 (1951).

Petitioner's first ground upon which a claim for relief is based rests on the premise that the comprehensive plan passed by resolution of the city council takes precedence over the preexisting zoning ordinance and that, consequently, the council must amend its ordinance to reflect the plan. ORS 227.240 (1), dealing with city zoning ordinances, provides:

> "For each district * * * regulations may be imposed designating the class of use that shall be excluded or subjected to special regulations and designating the uses for which buildings may not be erected or altered, or designating the class of use which only shall be permitted. These regulations shall be designed to promote the public health, safety and general welfare. The council shall give reasonable consideration, among other things, to the character of the district, the peculiar suitability for particular uses, the conservation of property values and the direction of building development *in accord with a well considered plan.*" (Emphasis supplied.)

Petitioner contends that the italicized words of ORS 227.240 (1) require the city council to amend its zoning ordinance to conform to the plan. We find that this contention is against the weight of authority and the legislative history of ORS 227.240. Courts have generally construed the requirement of zoning in accord with a well-considered plan to be one which imposes a

burden upon the city to adopt the ordinance only after study and consideration of all the elements involved. The well-considered plan need not be a separate document, but can be reflected in the zoning ordinance itself. 1 Rathkopf, The Law of Zoning and Planning 9-1, ch 9 (1969); 1 Anderson, American Law of Zoning 234-35, § 5.02 (1968).

■ The Oregon requirement that zoning be in accord with a well-considered plan was added by Oregon Laws 1919, ch 300, § 2. There was no requirement that a city prepare a comprehensive plan either at the time of passage of ch 300 or at the time this petition was filed. In fact, the first reference to a comprehensive plan in the statutes arose in the area of county planning where Oregon Laws 1947, ch 537, provided that the county must prepare a comprehensive plan. We cannot impute a legislative intent to ORS 227.240 requiring a city to prepare a separate document that controls the provisions of a zoning ordinance[2] or placing a statutory duty upon the city council to amend its zoning ordinance to conform to its comprehensive plan.

■ Petitioner further contends that the city of Milwaukie by its own ordinance has determined that where the comprehensive plan, even though adopted by resolution, is more restrictive than the zoning ordinance, the comprehensive plan shall govern. Section 11.010 of the zoning ordinance of the city of Milwaukie provides:

"Where the conditions imposed by any provisions of this ordinance are less restrictive than

_____

[2] We note that Oregon Laws 1973, ch 80, places certain obligations on the state, counties and cities in the area of zoning and planning. We do not consider the effect of the Act upon the question presented here since the petition here was filed prior to the effective date of ch 80.

comparable conditions imposed by any other provisions of this ordinance or of any other ordinance, resolution, or regulation, the provisions which are more restrictive shall govern."

First, it should be noted that a resolution is not a law but merely a form in which the legislative body expresses an opinion. *Rowley v. City of Medford,* 132 Or 405, 414, 285 P 1111 (1930). Second, and more importantly, the city council may zone the city only by ordinance. ORS 227.220; 227.230. In spite of representations in the zoning ordinance to the contrary, the city is without power to zone by resolution. A comprehensive plan adopted by resolution cannot amend or alter a zoning ordinance.

■ Since we are not faced with two zoning schemes, both adopted by ordinance, we need not reconcile any differences that might exist between them. The zoning ordinance of the city of Milwaukie, as the only document meeting the statutory requirements of ORS 227.-220 and 227.230, must govern the zoning decisions of the city. In the absence of a statutory directive, whether or not the city *should* amend its ordinance to conform to the comprehensive plan is a legislative decision and, as such, is beyond the power of the courts to require. *Sunshine Dairy v. Peterson et al.,* 183 Or 305, 316, 193 P2d 543 (1948). *See Linnton Plywood v. Tax Com.,* 241 Or 1, 403 P2d 708 (1965).

Petitioner correctly points out that the Supreme Court in *Fasano v. Washington Co. Comm.,* 264 Or 574, 507 P2d 23 (1973), indicated that the comprehensive plan is the basic instrument for county or municipal land-use planning. However, we cannot read into *Fasano* a requirement that cities adopt comprehensive plans or that zoning ordinances be amended to conform

to later adopted comprehensive plans. *Fasano* dealt generally with county zoning and planning and specifically with ORS ch 215 which mandates that a county zoning ordinance implement the county comprehensive plan. No such requirement existed for cities at the time of this proceeding. *See* ORS ch 227.

Our determination that the zoning ordinance is the controlling document in the city of Milwaukie zoning scheme negates petitioner's contentions dealing with the alleged lack of conformity of the comprehensive plan and the zoning ordinance. The facts stated in support of this contention are insufficient to state a cause of action.

■ However, in her paragraph dealing with the allegedly improper granting of the variance, the petitioner incorporated a copy of the zoning ordinance of the city of Milwaukie which provides certain criteria for the granting of a variance. She also incorporated a copy of the minutes of the planning commission meeting during which the variance was granted contrary to the recommendation of the commission staff; there was no indication or representation that the criteria mandated by the ordinance had been followed. We find that these are sufficient to state a ground for relief.

"* * * [W]here the whole of the complaint, or any part thereof, states facts sufficient to constitute a cause of suit, a general demurrer should be overruled * * *." *Whitney v. Whitney et al,* 114 Or 102, 106, 235 P 293 (1925); *Ketchum v. State,* 2 Or 103, 105 (1864).

Since defendants' demurrer was addressed to the whole of the alternative writ and in light of our determina-

tion that a ground for relief was stated, the demurrer should have been overruled.[9]

Reversed and remanded.

---

[9] Since the narrow question presented on appeal relates to the defendants' demurrer, we express no opinion as to the propriety of the use of the alternative writ of mandamus in the situation presented here.