Argued and submitted March 22, affirmed June 26, petition for review denied November 7, 2013 (354 Or 390)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KIRK DOUGLAS THOMPSON,
*Defendant-Appellant.*

Polk County Circuit Court
10P3245; A147752

306 P3d 731

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Gregory A. Rios, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.*

---

* Egan, J., *vice* Sercombe, J.

EGAN, J.

**EGAN, J.**

This case requires us to determine whether the trial court had the authority to issue an amended judgment requiring defendant to pay an additional amount of restitution to a crime victim several months after the original entry of judgment on defendant's criminal conviction. Defendant entered a guilty plea to one count of failing to perform the duties of a driver; pursuant to that plea, a judgment was entered requiring him to pay restitution to the victim, the City of Monmouth. Several months later, the victim filed a claim asserting that its constitutional rights had been violated when the trial court failed to order that defendant pay, as restitution, the full amount of the victim's economic damages. The trial court subsequently entered an amended judgment requiring defendant to pay an additional $1,694.37 in restitution. Defendant's timely appeal followed the amended judgment. We affirm.

While driving a car in the City of Monmouth, defendant struck a stop sign and a street light pole belonging to the city. Defendant subsequently pleaded guilty to one count of failure to perform the duties of a driver when property is damaged, ORS 811.700. Prior to defendant's sentencing hearing, the Monmouth Public Works Department filed a victim-loss statement with the prosecutor, stating that it had cost the city $162.60 to fix the stop sign. The Monmouth Power and Light Department also filed a separate victim-loss statement with the prosecutor, indicating that it had cost $1,694.37 to repair the damaged light pole. The prosecutor presented both those figures to the court, but apparently did not present the $1,694.37 figure until just before defendant's sentencing hearing. At that hearing, the court indicated that it was not going to order restitution for the repair costs of the light pole because the prosecutor was late in presenting that figure to the court.[1] In a July 2010 judgment, the court sentenced defendant to 13 months' probation. It also ordered defendant to pay $162.60 in restitution to the City of Monmouth, reflecting the cost of the stop sign repair but not the light pole repair.

---

[1] The trial court's only statement regarding its reasoning for not including restitution for the light-pole repair was: "Should have got their figure in."

In September 2010, the City of Monmouth filed a claim asserting that its Oregon constitutional rights had been violated. Specifically, the claim alleged that the trial court's refusal to order defendant to pay restitution for the light-pole repair violated the city's constitutional right—as a crime victim—to receive prompt restitution. The trial court held a hearing on the city's motion in December 2010, some five months after the entry of judgment. The court concluded that it had erred by not ordering defendant to pay restitution for the light-pole repair and subsequently entered an amended judgment imposing $1,856.97 in restitution.

Defendant appeals, asserting three arguments in support of his contention that the trial court erred by imposing the additional restitution. First, defendant asserts that, under Article I, section 42, of the Oregon Constitution, the city was required to assert its rights by petitioning the Supreme Court for a writ of mandamus and that the trial court therefore lacked authority to consider the city's victim's rights claim. He next asserts that the city's claim was not timely filed under ORS 147.515. Defendant concedes that he did not preserve that argument, but now argues that the time requirement of that statute restrains a trial court's jurisdiction to hear untimely victim's rights claims. Finally, he asserts that, because the amended judgment was issued more than 90 days after the original judgment, the trial court lacked authority under ORS 137.106 (2011) to impose the additional restitution.

"We review sentencing decisions, including restitution orders, for errors of law." *State v. Noble*, 231 Or App 185, 189, 217 P3d 1130 (2009).

Defendant first contends that, because he had already been sentenced in a final judgment, Article I, section 42, divested the trial court of jurisdiction to consider the city's victim's rights claim and that the city could only seek relief by petitioning for a writ of mandamus in the Supreme Court. Article I, section 42, of the Oregon Constitution creates several rights for crime victims, including "[t]he right to receive prompt restitution from the convicted criminal who caused the victim's loss or injury." Or Const, Art I, § 42(1)(d). Article I, section 42, contains three relevant provisions

concerning remedies for a violation of a victim's rights. The first states that every crime victim "shall have remedy by due course of law for violation of a right established in this section." Or Const, Art I, § 42(3)(a). Next, "[a] victim may assert a claim for a right established in this section in a pending case, by a mandamus proceeding if no case is pending or as otherwise provided by law." Or Const, Art I, § 42(3)(b). Finally,

> "[t]he Legislative Assembly may provide by law for further effectuation of the provisions of this subsection, including authorization for expedited and interlocutory consideration of claims for relief and the establishment of reasonable limitations on the time allowed for bringing such claims."

Or Const, Art I, § 42(3)(c).

Defendant pins his first argument on Article I, section 42(3)(b), arguing that his case was not "pending" and that, therefore, the victim's only recourse was to petition for a writ of mandamus in the Supreme Court. We disagree. The text of subsection (3)(b)—"[a] victim may assert a claim * * * as otherwise provided by law"—along with that of subsection (3)(c)—"[t]he Legislative Assembly may provide by law for further effectuation of the provisions of this subsection"—makes clear that the legislature is authorized to create procedures for a crime victim to pursue remedies in addition to those procedures contained in subsection (3)(b). The legislature has "otherwise provided by law," through ORS 147.515, that a crime victim may file a claim alleging a rights violation in the trial court.[2] The legislature chose not to make the right to seek relief in the trial court contingent upon whether a defendant's case is "pending." Article I, section 42(3)(b), did not divest the trial court of jurisdiction to consider the victim's claim.

We next turn to defendant's argument under ORS 147.515 (2009), which, at the relevant time, provided, in relevant part:

---

[2] We acknowledge that ORS 147.515(1) states that a victim "shall inform the court" without explicitly stating which court. It is nonetheless clear to us from reading the victims' rights statutory scheme that the "court" referred to is the trial court. Neither party argues differently.

"A victim who wishes to allege a violation of a right granted to the victim in a criminal proceeding by section 42 or 43, Article I of the Oregon Constitution, shall inform the court within seven days of the date the victim knew or reasonably should have known of the facts supporting the allegation. The victim shall describe the facts supporting the allegation and propose a remedy."

ORS 147.515(1) (2009), *amended by* Or Laws 2011, ch 659, § 3.[3] Defendant argues that the city's claim was not timely filed within the period of time allowed by ORS 147.515 because the city should have known that its rights were violated when the original judgment was entered. Defendant acknowledges that he did not preserve this argument in the trial court, but now contends that the time restriction of ORS 147.515 is a jurisdictional bar on a trial court's authority to consider a victim's claim that is filed outside the statutory time period. *See, e.g., State v. Belzons*, 140 Or App 198, 201, 915 P2d 428 (1996), *rev den*, 324 Or 513 (1997) (stating that "a party cannot waive a jurisdictional defect"). The state contends that the time provision of ORS 147.515(1) is not jurisdictional.

Neither we nor the Supreme Court have previously determined whether timely filing under ORS 147.515(1) is a jurisdictional requirement for asserting a victim's rights claim. We attempt to discern the meaning of the statute under the rules of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), as modified by *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009). The purpose of our interpretation is to discern the legislative intent behind the statute. *Gaines*, 346 Or at 171. That intent is discerned by examining the text, context, and any helpful legislative history. *Id.* at 171-72. The text and context of the statute are primary to the analysis. *Id.* at 171.

In support of his argument that ORS 147.515 operates as a jurisdictional bar on a trial court's authority to hear untimely claims, defendant cites cases from two contexts in which statutory time restrictions on filing operate as limits

---

[3] In 2011, the Legislative Assembly amended ORS 147.515 to provide that a victim shall have 30 days to inform the court of the facts supporting the allegation. That change does not affect our analysis or conclusion.

on a court's jurisdiction to consider untimely claims: the appellate context and workers' compensation. In the appellate context, statutory timeliness requirements are jurisdictional because "appellate jurisdiction springs from statute and * * * except for statutory authority this court and the Court of Appeals have no power to address the merits of a claim." *Southwest Forest Industries v. Anders*, 299 Or 205, 216, 701 P2d 432 (1985). In the workers' compensation context, "[t]he benefits awarded under the workers' compensation law are purely statutory, and a claimant must strictly follow the prescribed procedures in order to recover under the law." *Nelson v. SAIF*, 43 Or App 155, 602 P2d 341, *rev den,* 288 Or 173 (1979), *appeal dismissed,* 446 US 980, 100 S Ct 2958, 64 L Ed 2d 836 (1980). Citing only those two contexts, defendant advances a blanket proposition: "Timeliness is a jurisdictional issue."

It is important to understand what function ORS 147.515 serves in the context of crime victims' rights. The scope of ORS 147.500 to 147.550 is announced in ORS 147.504(1), which states, in part:

"ORS 147.500 to 147.550 effectuate the provisions of sections 42 and 43, Article I of the Oregon Constitution, for violations that occur in criminal proceedings and do not provide a remedy for violations that occur in any other proceeding. A remedy for a violation of section 42 or 43, Article I of the Oregon Constitution, in any other proceeding may be enforced by writ of mandamus under ORS 34.105 to 34.240."

ORS 147.504(1). Thus, ORS 147.500 to 147.550 provide a procedural path for a crime victim to pursue a *remedy* for the violation of the victim's constitutional rights.

Unlike both the statutorily created right of appeal and the statutorily created right to recovery under the workers' compensation scheme, the right at issue in this case—the right of a crime victim to receive prompt restitution—is created by the Oregon Constitution. That is, the right of a victim to receive compensation is not "purely statutory" because the statutory scheme itself does not create the right of a victim to receive prompt restitution. Moreover, the language of ORS 147.515 does not suggest that the legislature intended the limitation period to impose a jurisdictional

requirement. In instances where the legislature intends to make timely filing a jurisdictional requirement, the legislature has stated that intent clearly.[4] *See* ORS 19.270(2) (timely filing of a notice of appeal within the statutorily prescribed period is "jurisdictional and may not be waived or extended"). In short, we find defendant's analogy to the workers' compensation and appellate contexts unavailing. We conclude that the time window of ORS 147.515, when read in context of the victims' rights scheme as a whole, does not operate as a restriction on the trial court's jurisdictional authority to hear a victim's untimely claim.

As noted, defendant acknowledges that he did not raise before the trial court the argument that the City of Monmouth's claims were untimely. Because we have concluded that the time window of ORS 147.515 is not a jurisdictional restriction on the trial court's authority to hear an untimely claim, we decline to address the merits of defendant's unpreserved argument that the city's claim was untimely under that statute.[5] *See State v. Barboe*, 253 Or App 367, 374, 290 P3d 833 (2012) (we generally will not consider an unpreserved issue on appeal).

That brings us to defendant's third argument, which is that the trial court lacked authority to order that defendant pay additional restitution because the amended judgment was entered outside the 90-day limit of ORS 137.106 (2011).[6] ORS 137.106(1) (2011) provides, in relevant part:

---

[4] Our conclusion is bolstered by the fact that the legislature explicitly listed several jurisdictional requirements in the victims' rights statutory scheme. In ORS 147.537, which addresses interlocutory appeals made by victims to the Supreme Court, the legislature listed two "requirements [that] are jurisdictional and may not be waived or extended." ORS 147.537(11)(a). One of those requirements is the timely filing of the notice of appeal. If the legislature intended to make timely filing under ORS 147.515 a jurisdictional requirement, one would expect it to employ similar language, especially given that ORS 147.537 was enacted in the same bill. *See* Or Laws 2009, ch 178, §§ 6, 14.

[5] We do not review the trial court's imposition of additional restitution for plain error in regards to the fact-bound question of when the city "reasonably should have known of the facts" supporting its claim. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (stating that one of the prerequisites to plain error review is that the alleged error is one of law).

[6] The 2013 Legislative Assembly recently enacted changes to ORS 137.106. House Bill (HB) 3277 (2013). Nothing in those changes affects our analysis or conclusion.

"When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages. If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall include one of the following in the judgment:

"(a) A requirement that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court.

"(b) A requirement that the defendant pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment. In the supplemental judgment, the court shall establish a specific amount of restitution that equals the full amount of the victim's economic damages as determined by the court. The court may extend the time within which the determination and supplemental judgment may be completed for good cause. The lien, priority of the lien and ability to enforce the specific amount of restitution established under this paragraph by a supplemental judgment relates back to the date of the original judgment that is supplemented."

We conclude that the text of Article I, section 42, when read in conjunction with *State v. Barrett*, 350 Or 390, 255 P3d 472 (2011), provides that the trial court had the authority to impose the additional restitution at the time that it did, and that ORS 137.106 (2011) is not to the contrary.

*Barrett* involved a defendant who pleaded guilty to a stalking charge. The victim had exercised her constitutional right to "be present at (and informed in advance of) critical stages of the proceedings," but after learning that the defendant had pleaded guilty and been sentenced without her knowledge, the victim filed a claim—under ORS 147.515—alleging a violation of her rights. *Id.* at 396 (quotation marks and brackets omitted). The trial court concluded that the victim's rights had been violated, but further concluded that Oregon law did not provide a remedy for such a violation. *Id.* at 396-97.

On appeal, the Supreme Court concluded that the trial court could resentence the defendant as a remedy for the violation of a victim's constitutional rights. *Id.* at 407. The court first noted that Article I, section 42(3)(a), states that every described crime victim shall have "remedy by due course of law for violation of a right established in this section." *Id.* at 403. That right is not unlimited, however, because the constitution provides that, while a remedy may, in certain circumstances, include invalidating "a ruling of a court," it may not include invalidating a "conviction or adjudication." *Id.* at 400, 400 n 6. The *Barrett* court concluded that a defendant's criminal sentencing is "a ruling of a court," as opposed to a "conviction or adjudication." *Id.* at 403. With that understanding, the court concluded that, "[i]f vacating defendant's sentence and ordering a resentencing hearing is a legally permissible remedy, it is a 'remedy by due course of law' and may invalidate the trial court's ruling and defendant's sentence." *Id.* In other words, a trial court may resentence a defendant in order to remedy the violation of a victim's rights, unless some source of law prohibits that course of action.

In this case, defendant argues that resentencing him was legally impermissible because ORS 137.106 (2011) required the trial court either to impose restitution in the initial entry of judgment or to issue a supplemental judgment imposing restitution within 90 days of the entry of judgment. Defendant's argument misses the mark. ORS 137.106 (2011), by its plain language, does not constrain the time in which a trial court may resentence a defendant as a means of remedying a violation of a victim's constitutional rights. Instead, the statute imposes time limits within which a trial court must make an initial determination of the amount of restitution a defendant owes and issue a judgment ordering the payment of restitution in the first instance. ORS 137.106 (2011) did not prevent the court from imposing the additional amount of restitution upon defendant in these circumstances.

Affirmed.