Submitted June 27, 2012, affirmed July 24, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CINDIE WAGONER,
*Defendant-Appellant.*

Washington County Circuit Court
C091915CR; A145834

307 P3d 528

Peter Gartlan, Chief Defender, and Shawn E. Wiley, Chief Deputy Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant pleaded guilty to identity theft, ORS 165.800. Although the victim provided her restitution information in a timely fashion to the district attorney's office, the victim's advocate who received it failed to forward the information to the prosecutor. As a result, the prosecutor told the court that the victim had not provided restitution information, and the court awarded no restitution. After learning of the mistake, the victim filed a motion asserting her constitutional right to restitution. The trial court ruled in the victim's favor and imposed restitution on defendant. On appeal, defendant asserts that, because the state did not investigate and present to the court the nature and amount of restitution prior to the time of sentencing as required by ORS 137.106 (2011),[1] the court had no authority to impose restitution. The state responds that, under Article I, section 42, of the Oregon Constitution, the court had the authority to impose restitution. We agree with the state and therefore affirm.

Defendant was charged with two counts of identity theft, which occurred in July 2009. On October 15, 2009, the victim of defendant's identity theft provided her advocate at the Washington County District Attorney's office, Flores, with proof of her loss. Flores failed to provide the information to the deputy district attorney assigned to the case.

In December 2009, defendant pleaded guilty to one count of identity theft, and the other count was dismissed. The court held a sentencing hearing the same day. At that hearing, the prosecutor stated that the time had passed for the victim to request restitution. The court stated that there was no award of restitution. Nonetheless, a restitution hearing was set for March 11, which was later set over to March 25, and then cancelled after the court signed an order stating that the restitution amount would be zero. Judgment was entered on January 5, 2010.

---

[1] ORS 137.106 was amended in 2013. Or Laws 2013, ch 388, §§ 1-3. Those amendments "apply to sentencings occurring on or after the effective date of th[e] 2013 Act," id. § 2, and do not affect our analysis or conclusion. Throughout the remainder of this opinion, our references to ORS 137.106 are to the 2011 version.

On February 1, 2010, the district attorney's office terminated Flores's employment. When other employees cleaned out Flores's desk, they found the victim's proof-of-loss documents. On March 29, the victim filed a motion asserting that she had a constitutional right to receive prompt restitution under Article I, section 42(1)(d). The court held a hearing on the victim's motion and concluded that the victim was entitled to restitution. In a May 24, 2010, supplemental judgment, the court ordered restitution in the amount of $800. Defendant appeals from the supplemental judgment.

"We review sentencing decisions, including restitution orders, for errors of law." *State v. Ferrara*, 218 Or App 57, 67-68, 178 P3d 250, *rev den*, 344 Or 539 (2008). ORS 137.106 provides, in pertinent part:

"(1)   When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, *the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of the damages.* If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall include one of the following in the judgment:

"(a)   A requirement that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court.

"(b)   A requirement that the defendant pay the victim restitution, and that the specific amount of restitution will be established by a supplemental judgment based upon a determination made by the court within 90 days of entry of the judgment. In the supplemental judgment, the court shall establish a specific amount of restitution that equals the full amount of the victim's economic damages as determined by the court. * * *"

(Emphasis added.) Under Article I, section 42(1)(d), a victim in a criminal prosecution has "[t]he right to receive prompt restitution from the convicted criminal who caused the victim's loss or injury[.]" Article I, section 42(3)(c), provides that "[t]he Legislative Assembly may provide by law for further effectuation of the provisions of this subsection * * *."

The issue here is whether the trial court had the authority, under Article I, section 42, to award the victim restitution more than 90 days after the entry of defendant's judgment. We recently addressed a very similar question in *State v. Thompson*, 257 Or App 336, 306 P3d 731 (2013). In *Thompson*, the defendant pleaded guilty to one count of failing to perform the duties of a driver and a judgment was entered requiring him to pay restitution to the victim. *Id.* at 338. Several months later, the victim filed a claim asserting that its rights under Article I, section 42, had been violated because the trial court failed to order the defendant to pay restitution in the full amount of the victim's economic damages. *Id.* The trial court then amended the judgment, requiring the defendant to pay additional restitution. *Id.*

On appeal, the defendant argued that "the trial court lacked authority to order that defendant pay additional restitution because the amended judgment was entered outside the 90-day limit of ORS 137.106 (2011)." *Id.* at 343 (footnote omitted). We stated that "the text of Article I, section 42, when read in conjunction with *State v. Barrett*, 350 Or 390, 255 P3d 472 (2011), provides that the trial court had the authority to impose the additional restitution at the time that it did, and that ORS 137.106 (2011) is not to the contrary." *Thompson*, 257 Or App at 344. We summarized *Barrett* as follows:

> "*Barrett* involved a defendant who pleaded guilty to a stalking charge. The victim had exercised her constitutional right to 'be present at (and informed in advance of) critical stages of the proceedings,' but after learning that the defendant had pleaded guilty and been sentenced without her knowledge, the victim filed a claim—under ORS 147.515—alleging a violation of her rights. *Id.* at 396 (quotation marks and brackets omitted). The trial court concluded that the victim's rights had been violated, but further concluded that Oregon law did not provide a remedy for such a violation. *Id.* at 396-97.

> "On appeal, the Supreme Court concluded that the trial court could resentence the defendant as a remedy for the violation of a victim's constitutional rights. *Id.* at 407. The court first noted that Article I, section 42(3)(a), states that every described crime victim shall have 'remedy by due course of law for violation of a right established in this

section.' *Id.* at 403. That right is not unlimited, however, because the constitution provides that, while a remedy may, in certain circumstances, include invalidating 'a ruling of a court,' it may not include invalidating a 'conviction or adjudication.' *Id.* at 400, 400 n 6. The Barrett court concluded that a defendant's criminal sentencing is 'a ruling of the court,' as opposed to a 'conviction or adjudication.' *Id.* at 403. With that understanding, the court concluded that, '[i]f vacating defendant's sentence and ordering a resentencing hearing is a legally permissible remedy, it is a 'remedy by due course of law' and may invalidate the trial court's ruling and defendant's sentence.' *Id.* In other words, a trial court may resentence a defendant in order to remedy the violation of a victim's rights, unless some source of law prohibits that course of action."

*Thompson*, 257 Or App at 344-45. Applying the reasoning from *Barrett*, we concluded that ORS 137.106 did not prevent the court from imposing the additional amount of restitution. *Id.* at 345.

The analysis in *Thompson* controls here. As in *Thompson*, ORS 137.106 did not prevent the court from imposing restitution in order to provide the victim a remedy by due course of law, after it was discovered that her constitutional right to restitution was violated.[2]

Affirmed.

---

[2] We note that the state argues that this case is distinguishable from *State v. McLaughlin*, 244 Or App 691, 692, 260 P3d 814 (2011) (*McLaughlin II*), our opinion on reconsideration of *State v. McLaughlin*, 243 Or App 214, 258 P3d 1241 (2011) (*McLaughlin I*). In *McLaughlin II*, we held that, because the prosecution did not meet its burden of presenting evidence of the nature and amount of damages, the trial court had no basis and did not retain authority to impose restitution. *McLaughlin II*, 244 Or App at 692. Since the state submitted its brief in this case, we issued a third opinion in *McLaughlin*, withdrawing our earlier opinion on reconsideration. *State v. McLaughlin*, 247 Or App 334, 269 P3d 104 (2011) (*McLaughlin III*). In *McLaughlin III*, we held that, although the court was mistaken that it could award restitution at the time of sentencing, it could impose a compensatory fine, therefore, we remanded for resentencing under ORS 138.222(5)(a). *Id.* at 337. We therefore permitted the trial court to reconsider its sentence. *Id.* The parties did not discuss Article I, section 42, of the Oregon Constitution and we did not consider it. The Oregon Supreme Court has allowed review of our decision in *McLaughlin III*. 352 Or 107, 284 P3d 485 (2012); 352 Or 564, 291 P3d 376 (2012).