*711 Defendant appeals a supplemental judgment ordering him to pay restitution, arguing that the trial court lacked authority to order restitution outside the procedural requirements set out in ORS 147.500 to 147.550, the statutes effectuating crime victims' rights under Article I, section 42, of the Oregon Constitution. Defendant presents this specific argument for the first time on appeal and requests that we review the trial court's order for plain error. The state responds that the trial court did not plainly err because the error was not "obvious."[1] Furthermore, the state argues that, even if the trial court did plainly err, we should not exercise our discretion to correct the error. We need not decide whether the error was plain because even if we were to do so, we would decline to exercise our discretion to correct it. Accordingly, we affirm.
Defendant pleaded guilty to one count of second-degree criminal mischief on July 15, 2014. Defendant stipulated to his liability for restitution but requested a hearing to contest the amount. The trial court sentenced defendant to bench probation and set a restitution hearing[2] for October 7, 2014, 84 days later. However, the court failed to docket the hearing and the hearing did not take place. No one brought the error to the court's attention at that time.
*712 On November 20, 2014, 128 days after defendant was sentenced, the victim called *1159 the district attorney's office to inquire about the restitution. Due to the assigned prosecutor being "out of the office" at that time and other staffing issues, the district attorney waited until March 23, 2015-251 days after sentencing-to file a motion to extend the restitution deadline and to set a hearing.
On April 17, 2015, the trial court held a hearing to address the restitution issue. The state made two arguments in support of its untimely restitution request. First, the state argued that good cause existed to authorize restitution under ORS 137.106(1)(a).[3] Second, the state alternatively argued that, regardless of the untimely request, the court should still order that defendant pay restitution so as to avoid violating the victim's right "to receive prompt restitution" under Article I, section 42. Defendant responded that (1) no good cause existed to justify an extended deadline and (2) the trial court lacked authority to order restitution under Article I, section 42, because the state lacked standing to assert a claim on the victim's behalf. The victim spoke on his own behalf through an interpreter, and told the trial court that he was "seeking restitution * * * caused by the defendant[.]" Defendant agreed that the restitution amount that the victim sought was factually supported.
The trial court agreed with defendant's argument as to ORS 137.106, determining that the state had not shown good cause for the delay past the 90-day deadline required by that statute. However, relying on our decision in State v. Thompson , 257 Or. App. 336, 306 P.3d 731, rev. den. , 354 Or. 390, 315 P.3d 421 (2013), the court concluded that the situation amounted to a violation of the victim's Article I, section 42, right to prompt restitution, and further, that it had authority to order defendant to pay restitution to remedy that violation. The court explained:
"I don't think that it's really giving the victim a realistic remedy to suggest that I should not order restitution and *713 then put [the victim] to the task, when he's done everything he needs to do, including being here twice for court hearings, to have to then initiate some sort of separate legal process to receive the remedy that he should have for violation of his rights.
"And so where I come down with this is that there needs to be a remedy for this which-and there's no doubt that the defendant should pay restitution, because he admitted responsibility for it, and there's no dispute that it's reasonably related to the crime, and there's no dispute the amount is reasonable. * * *
"And so I find that to remedy the constitutional violation that would occur if I were to deny restitution, I am going to re-sentence the defendant, if you will, and impose restitution at this time."
The court issued a supplemental judgment on April 29, 2015, reflecting its conclusion and ordering defendant to pay $ 346 in restitution to the victim.
On appeal, it is uncontested that good cause did not exist to justify the delay in holding the restitution hearing under ORS 137.106. Defendant argues, for the first time on appeal, that the court also lacked authority to order restitution under Article I, section 42, because, he asserts, neither the victim nor the court complied with ORS 147.500 to 147.550, the statutory procedures the legislature has provided for a victim to assert a violation of his or her Article I, section 42, rights. He asks us to review the restitution order as plain error and to exercise our discretion to correct it. The state responds that defendant's asserted error is not plain because it is not "obvious," as this was an open question of law. That is, whereas in Thompson , the victim followed the statutory procedures for asserting a constitutional violation of the right to receive prompt restitution, 257 Or. App at 339, 306 P.3d 731, in this case, the victim did not. The state also argues that even if plain error occurred, we should not exercise our discretion to review the error.
As both parties correctly note, the particular statutory arguments defendant *1160 makes on appeal were not preserved below. See ORAP 5.45(1) ("No matter claimed as *714 error will be considered on appeal unless the claim of error was preserved in the lower court[.]"). We do, however, have discretionary authority to review an unpreserved error that is plain; that is, an error that is of law, obvious and not reasonably in dispute, and apparent on the face of the record. ORAP 5.45(1) ; State v. Vanornum , 354 Or. 614, 629, 317 P.3d 889 (2013). If the error is plain, we consider several factors in determining whether to exercise our discretion, including "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, i.e. , whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error." Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382 n. 6, 823 P.2d 956 (1991).
In this case, even assuming, without deciding, that the trial court erred in ordering defendant to pay restitution to the victim outside of the framework of ORS 147.500 to 147.550, we would not, in any event, exercise our discretion to correct the error because any such error was not grave. Defendant admitted that he intentionally damaged the property of the victim, having no right to do so. Furthermore, defendant expressly agreed that the restitution amount of $ 346 was factually supported. See State v. Morgan , 274 Or. App. 161, 165, 359 P.3d 1242 (2015) (exercising our discretion to correct a plain error in part because it "result[ed] in a restitution award unsupported by the record").
Defendant argues that the trial court's actions in this case "reflect its disregard for the legislature's authority to determine how a victim's-rights claim may be initiated and adjudicated." We agree that there is an interest in trial courts following the procedures outlined by the legislature. That interest, however, would always favor the exercise of discretion in cases involving a trial court's adherence to statutory law in which we are asked to consider an error as plain. The error's lack of gravity and the interests of preservation outweigh any such interest here. Therefore, we conclude that, in light of defendant's admission that he caused *715 the damage to the victim's window and of the relatively small restitution amount conceded by defendant as the correct amount, any error the trial court may have made was not grave.
Affirmed.
The state also maintains its argument that we lack jurisdiction over this appeal. After defendant filed his opening brief, the state moved to dismiss the appeal for lack of jurisdiction. The appellate commissioner granted the state's motion, concluding that the appeal was not authorized because defendant failed to make a cognizable showing of a colorable claim of error within the meaning of former ORS 138.050(1) (2015), repealed by Or. Laws 2017, ch. 529, § 26. Defendant filed a petition for reconsideration. The appellate commissioner vacated his order of dismissal because he determined that defendant's argument that the trial court "failed to comply with a number of statutes enacted by the legislature to implement the victims' rights provisions of the Oregon Constitution" was a claim that the trial court imposed a sentence that exceeds the maximum allowable by law. See State v. Easton , 204 Or. App. 1, 3-4, 126 P.3d 1256, rev. den. , 340 Or. 673, 136 P.3d 743 (2006). Because a sentence that exceeds the maximum allowable by law is a colorable claim of error within former ORS 138.050(1) (2015), the commissioner reinstated this appeal. We agree with the commissioner.
ORS 137.106(1)(a) provides, in part, that "[w]hen a person is convicted of a crime * * * that has resulted in economic damages, the district attorney shall investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages." (Emphasis added.)
ORS 137.106(1)(a) also provides that a court may extend the district attorney's 90-day deadline for investigating and presenting to the court evidence of the nature and amount of damages if the state shows "good cause" for the extension.