Submitted August 9, 2019, affirmed March 4, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

THEODORE EDWARD RIEKER,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR20812; A167012

461 P3d 1083

In this criminal case, defendant, who pleaded guilty to driving under the influence of intoxicants, ORS 813.010, appeals from a judgment ordering him to pay approximately $2,000 in restitution. Defendant argues that the trial court lacked authority to order restitution outside the 90-day statutory deadline because (1) there was no "good cause" for the delay as required by ORS 137.106(1)(a) and (2) the court failed to follow the statutory procedures outlined in ORS 147.500 to 147.550. *Held*: The trial court did not err in declining to consider whether "good cause" existed, because it had authority under Article I, section 42, of the Oregon Constitution to remedy a violation of the victim's rights and impose restitution beyond the 90-day deadline in ORS 137.106(1)(a). Further, defendant's argument that the court failed to follow the statutory procedures prescribed in ORS 147.500 to 147.550 was unpreserved and not reviewable as one of plain error.

Affirmed.

Leslie M. Roberts, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Kistler, Senior Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal case, defendant, who pleaded guilty to driving under the influence of intoxicants (DUII), ORS 813.010, appeals from a judgment ordering him to pay approximately $2,000 in restitution. Defendant argues that the trial court lacked authority to order restitution outside the 90-day statutory deadline because (1) there was no "good cause" for the delay as required by ORS 137.106(1)(a),[1] and (2) the court failed to follow the statutory procedures outlined in ORS 147.500 to 147.550. In response, the state contends that establishing "good cause" was not necessary because the court had independent constitutional authority to impose restitution as a remedy for a violation of the victim's rights. Additionally, the state asserts that defendant did not preserve his second argument regarding the statutory procedures in ORS 147.500 to 147.550, and that it is not reviewable as plain error. For the reasons explained below, we affirm.

The relevant facts are undisputed. In July 2016, defendant waived his right to a jury trial and pleaded guilty to DUII for rear-ending another car while intoxicated. The trial court sentenced him to probation for three years with restitution to be determined within 90 days. More than 90 days later, in April 2017, the state filed a motion to resentence defendant to order restitution based on a violation of the victim's rights. A restitution hearing was scheduled for November 2017; however, defendant was not present for that hearing due to a calendaring error by defense counsel. Instead of ruling on the state's motion to resentence defendant, the trial court allowed the victim to testify regarding his restitution request to avoid returning for another hearing.

In a subsequent hearing in January 2018, defendant argued that, although the trial court had the authority

---

[1] ORS 137.106(1)(a) provides, in part:

"When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, the district attorney shall investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages. The court may extend the time by which the presentation must be made for good cause."

under *State v. Wagoner*, 257 Or App 607, 307 P3d 528 (2013), to resentence defendant and order restitution, the court under *State v. Aguilar-Ramos*, 284 Or App 749, 395 P3d 65 (2017), still needed to find "good cause" to impose restitution beyond the 90-day statutory deadline in ORS 137.106. The state argued that, although it requested restitution past the 90-day deadline, the trial court retained authority to resentence defendant and order restitution to vindicate the victim's "right to receive prompt restitution from the convicted criminal who caused the victim's loss or injury" under Article I, section 42(1)(d), of the Oregon Constitution. The trial court agreed with the state's arguments and ultimately imposed $1,990.32 in restitution.

On appeal, defendant's challenge is a narrow one. He does not substantively challenge the amount of the restitution award; rather, he challenges the restitution award on two procedural grounds that present issues of law, which we review for legal error. First, he renews his argument that the trial court erred by imposing restitution beyond the 90-day deadline without making a "good cause" determination as required by *Aguilar-Ramos*. Second, defendant argues that the trial court erred by not following the statutory procedures outlined in ORS 147.500 to 147.550. Neither argument provides a basis for relief.

Although we agree with defendant's argument that *Aguilar-Ramos* stands for the proposition that a trial court may not impose restitution beyond the 90-day statutory deadline absent a determination of good cause, that decision does not address the trial court's independent authority under the Oregon Constitution, articulated by *Wagoner* and *State v. Thompson*, 257 Or App 336, 306 P3d 731, *rev den*, 354 Or 390 (2013), to impose restitution as a remedy for a violation of a victim's right.[2]

---

[2] We note that *Aguilar-Ramos* interpreted the current version of ORS 137.106(1), where "the relevant question for our 'good cause' analysis is what constitutes good cause for a delay of the district attorney's presentation of evidence of the nature and amount of the damages." *State v. Taylor*, 300 Or App 626, 633, 455 P3d 609 (2019) (emphasis omitted). *Wagoner* and *Thompson*, on the other hand, analyzed the 2011 version of ORS 137.106(1), but noted that the amendments made in 2013 did not affect the analysis or conclusion that a trial court has the authority under Article I, section 42, of the Oregon Constitution, to impose restitution. *Wagoner*, 257 Or App at 608 n 1; *Thompson*, 257 Or App at 343 n 6.

Under Article I, section 42(1)(d), of the Oregon Constitution, a crime victim has "[t]he right to receive prompt restitution from the convicted criminal who caused the victim's loss or injury." "That is, the right of a victim to receive compensation is not 'purely statutory' because the statutory scheme itself does not create the right of a victim to receive prompt restitution." *Thompson*, 257 Or App at 342. Thus, when a court is acting to remedy a victim's constitutional right to restitution, *Wagoner* and *Thompson* dictate that ORS 137.106 does not prevent a trial court from imposing restitution beyond the statutory deadline. *See Wagoner*, 257 Or App at 611 (holding that, "[a]s in *Thompson*, ORS 137.106 did not prevent the court from imposing restitution [beyond the 90-day deadline] in order to provide the victim a remedy by due course of law, after it was discovered that her constitutional right to restitution was violated"). Therefore, we conclude that the trial court did not err in declining to consider "good cause" because it had constitutional authority to remedy a violation of the victim's rights and impose restitution beyond the 90-day deadline.

Turning to defendant's second argument—*viz.*, that the trial court erred in imposing restitution without adhering to the statutory procedures prescribed by ORS 147.500 to 147.550—we conclude that his argument is not preserved and is not reviewable as one of plain error.

In general, "the adversely affected party must have preserved the alleged error in the trial court," before we can consider the argument on appeal. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991). To preserve an argument for appellate review, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if the correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000).

Here, contrary to defendant's assertion, defendant did not sufficiently give the trial court the opportunity to consider the applicability of the statutory procedures outlined in ORS 147.500 to 147.550. Although it is true that defendant argued that Article I, section 42, gives victims

another remedy to obtain restitution, and further asserted that "this is not the only time in Oregon law where we have a constitutional right, and we ha[ve] a statute that's regulating how that constitutional right is enforced," defendant made those arguments in the context of asserting that a determination of "good cause" was necessary under ORS 137.106(1). Those statements did not sufficiently give the state or the trial court reason to believe that defendant was challenging the failure to adhere to the statutory procedures in ORS 147.500 to 147.550. Accordingly, defendant failed to preserve his argument for appellate review.

Defendant asserts, however, that in the event that we conclude that his claim is not preserved, we should review his claim of error as one of plain error. For the reasons articulated in *State v. Gallegos*, 302 Or App 145, 150-52, 460 P3d 529 (2020), we conclude that the trial court did not commit plain error by not adhering to the statutory procedures outlined in ORS 147.500 to 147.550 when it imposed restitution in this case.

Affirmed.