Submitted October 19, 2020; supplemental judgment requiring defendant to pay $240.50 in restitution reversed, otherwise affirmed August 4, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JACK CASTILLO,
*Defendant-Appellant.*

Washington County Circuit Court
17CR78881;
A170025 (Control), A170026

495 P3d 191

Defendant injured the victim in this case, T, by pushing her to the ground. T sought medical treatment for her injuries, which cost just under $250. As a result of defendant's conduct, defendant was charged with, and convicted of, two counts of harassment, ORS 166.065. At sentencing, neither the state nor T requested restitution for T's medical expenses. Over six months later, T contacted the district attorney's office to assert her right to "prompt restitution" under Article I, section 42, of the Oregon Constitution. The state subsequently asserted that right on T's behalf, and the trial court entered a supplemental judgment awarding T restitution. Defendant appeals that supplemental judgment, arguing that the request was untimely. In response, the state argues that, when it asserts a victim's right to prompt restitution, the 30-day time limit imposed by ORS 147.515 does not apply. *Held*: The trial court erred in awarding restitution to T. Under ORS 147.515(1), a victim—by herself, through her attorney, or through the prosecuting attorney—must assert her right to prompt restitution within 30 days that she knew or reasonably should have known that her right had been violated. In this case, the date on which T asserted her constitutional claim was beyond the 30-day time limit imposed by ORS 147.515(1). The request was therefore untimely.

Supplemental judgment requiring defendant to pay $240.50 in restitution reversed; otherwise affirmed.

Eric Butterfield, Judge. (Judgment)

Theodore E. Sims, Judge. (Supplemental Judgment)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Supplemental judgment requiring defendant to pay $240.50 in restitution reversed; otherwise affirmed.

**MOONEY, J.**

Defendant pleaded guilty to two counts of harassment (Counts 2 and 3), ORS 166.065, for which he was placed on two years of bench probation and ordered to pay attorney fees and a fine. Restitution was not addressed. Six months later, a Claim of Violation of Crime Victim's Rights was filed by the district attorney on behalf of T, the victim in Count 3, and at T's request. A restitution hearing was held more than two months later, and the trial court ordered defendant to pay restitution to T in the amount of $240.50. Defendant appeals the supplemental judgment awarding restitution, arguing that the court erred by holding an untimely restitution hearing. We agree and reverse the supplemental judgment awarding restitution.

We "review orders of restitution for errors of law" and we are bound by any factual findings supported by evidence in the record. *State v. McClelland*, 278 Or App 138, 141, 372 P3d 614, *rev den*, 360 Or 423 (2016). The essential facts are generally not in dispute and we state them consistently with our standard of review.

On October 28, 2017, defendant, T, and N were at a Halloween party in Sherwood. Defendant grabbed N's breasts, which upset her. T confronted defendant about what he had done to N, and defendant reacted by shoving T to the ground. T experienced back pain as a result of that event and she sought medical treatment the following day. Her medical and related expenses totaled just under $250. T submitted a request for restitution to the district attorney's office on December 7, 2017, and that office stamped her request as "Received" on December 12, 2017.

Defendant entered into a plea agreement with the state that included his agreement to plead guilty to two counts of harassment, Counts 2 and 3, based upon the events of October 28, 2017. Count 1, in which defendant was charged with sexual abuse in the third degree, ORS 163.415, was dismissed. T was present at the May 10, 2018, sentencing hearing. She made a statement to the trial court but did not argue that she was entitled to restitution. The state did not bring the issue of T's request for restitution to the court's attention or otherwise place the issue before the

court. The court, thus, entered judgment without awarding or otherwise addressing restitution.

T brought the omission to the district attorney's attention when she "approached him after sentencing and asked about her restitution claim." Several months later, on November 5, 2018, the district attorney filed T's Claim of Violation of Crime Victim's Rights. T had completed the written claim form asserting that her right to prompt restitution had been violated and requesting that she be paid restitution for her losses as a remedy for that violation. A copy of the request for restitution that she had submitted to the district attorney's office in December 2017, six months prior to sentencing, was attached to the Claim of Violation.

On December 27, 2018, the trial court held a hearing to address T's claim and, specifically, the timeliness of her restitution request. Defendant argued that the request was untimely under two statutory provisions. First, defendant objected under ORS 137.106, because the district attorney had not presented evidence of T's damages at sentencing and had not established good cause for a continuance beyond the 90-day deadline after entry of judgment. Second, defendant objected under ORS 147.515(1), because T had not asserted her claim of constitutional rights violation within 30 days of the date when she knew or reasonably should have known that her right to restitution as a crime victim had been violated.

The trial court concluded that T had properly and timely asserted her claim of constitutional violation. The court, therefore, scheduled and held a restitution hearing at which it awarded her restitution. On appeal, defendant challenges the court's authority to award restitution, but he does not challenge the amount of restitution itself. He argues, as he did below, that T's restitution request was untimely and that the trial court, therefore, lacked authority to order it. We agree with defendant.

Article I, section 42(1)(d), of the Oregon Constitution provides, in part:

> "Rights of victim in criminal prosecutions and juvenile court delinquency proceedings.

"(1)   *** [T]he following rights are hereby granted to victims in all prosecutions for crimes and in juvenile court delinquency proceedings:

"*****

"(d)   The right to receive prompt restitution from the convicted criminal who caused the victim's loss or injury[.]"

ORS 137.106 provides the procedural framework by which the district attorney is required to investigate and pursue restitution for victims of crime. As pertinent here, that statute provides:

"(1)(a)   When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, *the district attorney shall investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages. The court may extend the time by which the presentation must be made for good cause.* If the court finds from the evidence presented that a victim suffered economic damages, in addition to any other sanction it may impose, the court shall enter a judgment or supplemental judgment requiring that the defendant pay the victim restitution in a specific amount that equals the full amount of the victim's economic damages as determined by the court. The lien, priority of the lien and ability to enforce the specific amount of restitution established under this paragraph by a supplemental judgment relates back to the date of the original judgment that is supplemented."

ORS 137.106 (emphasis added). When the district attorney does not present evidence of the victim's damages within 90 days after entry of judgment and does not request or receive a good cause extension of time in which to do so, the victim may effectuate his or her constitutional right to restitution according to the procedures set forth in ORS 147.500 to 147.550. *State v. Thompson*, 257 Or App 336, 342, 306 P3d 731, *rev den*, 354 Or 390 (2013).

ORS 147.502(1) provides that "[a] victim may assert a claim under ORS 147.500 to 147.550 personally, through an attorney or through an authorized prosecuting attorney." ORS 147.515(1) provides the following timeframe for such claims:

"A victim who wishes to allege a violation of a right granted to the victim in a criminal proceeding by Article I, section 42 or 43, of the Oregon Constitution, shall inform the court within 30 days of the date the victim knew or reasonably should have known of the facts supporting the allegation. The victim shall describe the facts supporting the allegation and propose a remedy."

Where, as here, the victim "informs the court of a facially valid claim on a form" prescribed by the Chief Justice of the Supreme Court, then the court must issue a show cause order and schedule a hearing. ORS 147.515(3).

The state acknowledges that the district attorney "did not request restitution for [T] within the 90-day statutory deadline" imposed by ORS 137.106(1)(a). Instead, the state "requested that the trial court impose restitution in [T's] favor as a remedy for a violation of [her] right to 'prompt restitution' under Article I, section 42(1)(d), of the Oregon Constitution." And, because "ORS 147.504(2)(a) provides that the procedural requirements for filing constitutional claims under Article I, section 42, do not apply when a prosecutor is asserting a victim's right to restitution[,]" the state argues that it was not error for the court to award T restitution as a remedy for the constitutional violation notwithstanding the filing of that claim beyond the 30-day limit imposed by ORS 147.515(1). ORS 147.504(2) provides that

"[n]othing in ORS 147.500 to 147.550:

"(a)   Affects the authority granted by law to the prosecuting attorney to assert the public's interest, including but not limited to:

"(A)   Asserting rights granted to victims by law; and

"(B)   Investigating and presenting to the court evidence relating to restitution."

As we understand it, the state's position is that ORS 147.504(2)(a) provides a procedural mechanism by which a victim may be awarded restitution in a criminal case and that, under that statutory provision, the 90-day time limitation of ORS 137.106 and the 30-day time limitation of ORS 147.515 do not apply. But the state's reading of ORS 147.504(2)(a) is not correct.

When we interpret a statute, our goal is to discern the intent of the legislature. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). To do that, we examine the statute's text and context, and we may examine any relevant legislative history. *Id.* In the absence of specific definitions provided by the legislature, when the language at issue includes "words of common usage," we look to the plain, natural, and ordinary meaning of those words. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). We often use dictionaries for that purpose. *Baker v. Croslin*, 359 Or 147, 156, 376 P3d 267 (2016).

At issue is the meaning of the phrase "[n]othing in ORS 147.500 to 147.550 *** [a]*ffects* the *authority* granted by law to the prosecuting attorney to *** [a]ssert[] rights granted to victims by law[.]" ORS 147.504(2)(a) (emphases added). "To affect" means "to act upon" or "to produce an effect." *Webster's Third New Int'l Dictionary* 35 (unabridged ed 2002). "[A]uthority" means "justifying grounds: BASIS, WARRANT." *Id.* at 146. Given those definitions, a reasonable and plain reading of ORS 147.504(2)(a) is that nothing in ORS 147.500 to 147.550 should be read to *produce an effect* on or to impact—one way or the other—the underlying *basis of* the prosecuting attorney's obligation to bring a claim on a crime victim's behalf. It does not, however, relieve the state of the time limitations for bringing such claims.

When the state seeks restitution on behalf of a crime victim under ORS chapter 137, it does so by carrying out its independent obligation to investigate and present evidence of economic damages caused by the defendant within the criminal case itself—regardless whether the victim requests restitution. The 90-day filing limitation built into that statutory mechanism, by its plain text and context, applies to the district attorney prosecuting the criminal case. The state does not dispute that. It does, however, rely upon *State v. Rieker*, 302 Or App 613, 616, 461 P3d 1083 (2020), where we affirmed an award of restitution ordered outside the statutory 90-day period of limitation, concluding that the victim had an independent constitutional right to pursue restitution outside that period. *Id.* at 614-17. However, in *Rieker*, we declined to consider the defendant's argument that the trial court erred in imposing restitution

without considering the procedures set forth in ORS 147.500 to 147.550, because we concluded that the defendant had not preserved that argument for appeal. *Id.* at 617. Here, the parties agree that defendant preserved his argument under ORS 147.500 to 147.550. *Rieker* is, therefore, inapposite.

When the state seeks restitution on behalf of a crime victim under ORS chapter 147, it is at the victim's request, and in the context of a claim of constitutional violation.[1] In that posture, the state is seeking restitution in a representative capacity for the benefit of the crime victim who incurred expenses as a result of the crime and the alleged violation that resulted in a denial of the victim's constitutional right to receive prompt restitution. The state argues that, because the district attorney filed and presented T's constitutional claim on T's behalf, under *State v. Gallegos*, 302 Or App 145, 460 P3d 529, *rev dismissed*, 366 Or 382 (2020), it was permitted to assert T's rights "outside of the statutorily prescribed procedures set forth in ORS 147.500 through 147.550." But, *Gallegos* did not specifically concern the 30-day time limitation of ORS 147.515(1) and its holding was simply that the trial court's failure to follow the procedures outlined in ORS 147.500 to 147.550 when it awarded restitution outside the 90-day limit of ORS 137.106 without good cause did not constitute plain error. Again, the state does not dispute preservation here, distinguishing this case from *Gallegos*, and limiting its value to our analysis.

The state also does not dispute that T's claim that her right to prompt restitution was violated is subject to the 30-day limit of ORS 147.515(1). And, other than its argument under ORS 147.504(2), which, as we have explained, is not correct, the state points to no other authority supporting its argument that the 30-day limitation does not apply simply because the district attorney, rather than T appearing *pro se*, filed T's right to prompt restitution claim. While

---

[1] An "authorized prosecuting attorney" may only assert a crime victim's restitution rights under ORS chapter 147 when the victim requests the prosecuting attorney's office to do so by filing a Claim of Violation of Crime Victim's Rights. An "[a]uthorized prosecuting attorney" is a "prosecuting attorney who, at the request of a victim, has agreed to assert and enforce a right granted to the victim by section 42 or 43, Article I of the Oregon Constitution." ORS 147.500(1). And, a "[p]rosecuting attorney" is a "district attorney as defined in ORS 131.005." ORS 147.500(9).

the significance of enforcing crime victims' rights is clear, especially given that such rights enjoy protection under the Oregon Constitution, the law provides time limitations beyond which even persons with legitimate constitutional claims can no longer seek redress for the harm they have suffered. *See Sizemore v. Keisling*, 164 Or App 80, 87, 990 P2d 351 (1999), *rev den*, 330 Or 138 (2000) ("The function of time limits is to promote the finality of legally significant acts and omissions against the contingency of future claims."); *Evans v. Finely*, 166 Or 227, 238, 111 P2d 833 (1941) ("Statutes of limitation are no doubt passed to promote the general welfare. The mischief which they are intended to remedy 'is the general inconvenience resulting from delays in the assertion of a legal right which it is practicable to assert.' *** But the question whether such mischief exists and the means to be taken to curb it is for the legislature, not the courts." (Internal citations omitted.)); *Ketchum v. State of Oregon*, 2 Or 103, 106 (1864) ("Statutes of limitations are intended to be statutes of repose, to prevent litigation; and where one has slept *** with a full knowledge of his rights *** it is eminently proper that the law should expressly intervene, and say to the plaintiff that his sleeping has been too long, and the advantage now sought too grossly faulty to be encouraged."). And, importantly, the right in question is the right to *prompt restitution*. Our opinion today does not address other procedures that may be available for T to pursue compensation for her expenses and injuries.

The state did not meet the time limitations of ORS chapters 137 or 147. It admits the former and, as to the latter, it is clear that, whether T knew or should have known that her right to prompt restitution had been violated when she appeared for sentencing in May 2018 or when she brought the sentencing omission to the district attorney's attention shortly after that hearing, the date on which the state filed T's constitutional claim was well beyond the 30-day limit imposed by ORS 147.515(1). Her claim was time-barred, and ORS 147.504(a)(2) did not empower the district attorney to file that claim for T when T was barred from filing it herself.

Supplemental judgment requiring defendant to pay $240.50 in restitution reversed; otherwise affirmed.