LAGESEN, P. J.
*182 Defendant appeals probation revocation judgments in three cases that were consolidated for appeal. He argues that, in one of the cases, the trial court erred by imposing a sanction of 24 months' imprisonment pursuant to OAR 213-010-0002(2) and then exceeded its authority by imposing conditions of post-prison supervision (PPS). He argues that, in the other two cases, the court plainly erred by including pro-visions in the judgments that enforced payment of monetary obligations while he was still imprisoned. For the reasons that follow, we agree with defendant that the court erred when it imposed PPS conditions, and we remand the judgment in that case to correct the error; otherwise, we affirm.
CASE NO. 16CR65204
In Case No. 16CR65204, defendant was convicted of first-degree theft, and, in December 2016, the trial court sentenced him as a repeat property offender under ORS 137.717 and imposed a 36-month probationary sentence. In July 2017, the court held a hearing on allegations that defendant had violated the terms of his probation. The court found that defendant was in violation, revoked probation, and imposed a sanction of 24 months in prison:
"On 16CR65204, [I] find the purpose of probation [is] no longer being met, I impose 24 months in prison followed by one year post-prison supervision term. As recommendations of post-prison supervision: Have the same conditions of probations that you've already before."
Thereafter, the court entered a judgment revoking probation, imposing the 24-month sanction and one year of PPS, and stating, "Other conditions: Same conditions for PPS as was on Probation."
On appeal, defendant argues that the trial court plainly erred by imposing a 24-month prison term as a revocation sanction under OAR 213-010-0002(2). That rule provides that, "[f]or those offenders whose probationary sentence was * * * a departure from a presumptive prison sentence * * *, the sentence upon revocation shall be a prison term up to the maximum presumptive prison term which could have been imposed initially, if the presumptive prison term *183 exceeds 12 months." Id. (emphasis added). In defendant's view, the 24-month prison sentence to which he was originally subject under the repeat property offender statute, ORS 137.717, was a "statutorily mandated sentence" rather than a "presumptive sentence" for purposes of the Oregon Sentencing Guidelines; consequently, his probationary *393 sentence was not governed by OAR 213-010-0002(2) but OAR 213-010-0002(1), which provides that, "[f]or those offenders whose presumptive sentence was probation, the sentence upon revocation shall be to the supervisory authority for a term up to a maximum of six months."
Defendant concedes that we rejected that same plain-error argument in State v. Webster , 280 Or. App. 217, 380 P.3d 1165 (2016), rev. den. , 361 Or. 350, 393 P.3d 1180 (2017), but he argues that Webster was wrongly decided. We decline defendant's invitation to revisit our holding in Webster , adhere to our reasoning in that case, and reject his unpreserved challenge to the 24-month prison term.
Defendant's remaining contention in Case No. 16CR65204 is that, despite the trial court's oral pronouncement that it was only recommending PPS conditions, the judgment itself actually imposes them ("Other conditions: Same conditions for PPS as was on Probation."), which the court had no authority to do. See State v. Reed , 235 Or. App. 470, 474, 237 P.3d 826 (2010) (holding that a trial court may recommend conditions of PPS but has no statutory authority to impose them). The state concedes that the trial court lacked authority to impose PPS conditions but argues that the judgment is ambiguous at most and that "there is no reason to assume that the parole board would construe the clause in the judgment that is at issue here in a manner that would render it unlawful."
We agree with defendant that the judgment, on its face, erroneously imposes conditions of PPS. We also agree with defendant that, because that error appeared for the first time in the judgment, defendant was not required to preserve the claim of error. See State v. Lewis , 236 Or. App. 49, 52, 234 P.3d 152, rev. den. , 349 Or. 172, 243 P.3d 70 (2010) (holding that preservation was not required where the matters claimed as error on appeal were not announced in open court but *184 appeared for the first time in the judgment). Accordingly, we reverse and remand the judgment in Case No. 16CR65204 with instructions to correct the imposition of PPS conditions.
CASE NOS. 16CN01208 AND 16CR66117
In Case Nos. 16CN01208 and 16CR66117, defendant was found in contempt and convicted of second-degree theft, respectively, and received probation in both cases. In July 2017, the trial court found defendant in violation of his probation in both cases and explained that, for each case, it was revoking probation, imposing six months of jail time (to be served consecutively to his 24-month imprisonment), and imposing a $ 25 probation violation fee, which would be "sent down to the Department of Revenue for collection." The ensuing judgments imposed the probation violation fees ("PBAS $ 25"), followed by the notation, "$ to DOR"-a reference to the Department of Revenue. See ORS 137.118 (2)(a) (providing that "[t]he state may assign a judgment to the Department of Revenue or a private collection agency").
Defendant argues that, by imposing the fees and directing payment to the Department of Revenue for collection, the trial court effectively required him to pay his monetary obligations during his period of imprisonment, even though the court did not expressly find that defendant had the ability to do so. See ORS 161.675(1) ("If a defendant is sentenced to a term of imprisonment, any part of the sentence that requires the payment of a sum of money for any purpose is enforceable during the period of imprisonment if the court expressly finds that the defendant has assets to pay all or part of the amounts ordered."). Defendant concedes that he did not raise that argument below, but he argues that the error is plain and should be reversed.
The state responds that, in light of our decision in State v. Foos , 295 Or. App. 116, 433 P.3d 493 (2018), the trial court did not err at all, let alone plainly. In that case, we held that, "[w]hen a judgment directs a clerk of the court to act pursuant to a statute, we assume the clerk will act in accordance with that statute. Absent a showing that the clerk of the court is acting in a manner that does not conform to ORS 161.675, there is no error to correct on appeal." Id . at 119, 433 P.3d 493 (internal citation omitted). According to the state, *185 the same can be said of *394 the judgments here: We should not assume that the obligations in the judgment will be enforced unlawfully during the period of defendant's incarceration.
Defendant replies that this case is distinguishable from Foos , because the "court explicitly ordered that defendant's probation violation fees be 'sent down to the Department of Revenue for collection ' " and that, "[c]onsistent with the trial court's verbal pronouncements, the judgments provide that defendant's fees be sent 'to DOR.' " (Emphasis by defendant.)
Although we agree with defendant's reading of Foos , and assuming that any error is plain, defendant has not developed any argument as to why we should exercise our discretion to correct that error. Under these circumstances, where it is not readily apparent what factors militate in favor of correcting it, we decline to review defendant's unpreserved claim of error. See State v. Carr , 215 Or. App. 306, 316, 170 P.3d 563 (2007), rev. den. , 344 Or. 109, 178 P.3d 249 (2008) (declining to address an unpreserved argument where, among other deficiencies, the appellant failed "to address the factors governing the exercise of this court's discretion to review asserted plain error").[1]
In Case No. 16CR65204, reversed and remanded with instructions to correct judgment regarding imposition of conditions of post-prison supervision; otherwise affirmed. In Case Nos. 16CN01208 and 16CR66117, affirmed.

Although defendant appears to request plain-error review, he also asserts that
"preservation is not required when a trial court's error exceeds its sentencing authority, and its error is obvious and not reasonably in dispute. See, e.g. , State v. Cook , 108 Or. App. 576, 582, 816 P.2d 697 (1991), rev. den. , 312 Or. 588 [824 P.2d 417] (1992) ('If a sentencing court exceeds its statutory authority in imposing a specific sentence, that is an "error of law" that may be addressed without an objection to the sentencing court.'). State v. Farmer , 317 Or. 220, 224 n. 4, 856 P.2d 623 (1993) (so qualifying Cook )."
To the extent defendant suggests that our decision in Cook creates an exception to ordinary preservation principles or alters the requirements for plain-error review under ORAP 5.45 when a sentencing court exceeds its statutory authority, he is incorrect. See Farmer , 317 Or. at 224 n. 4, 856 P.2d 623 (observing that our statement in Cook about the need for an objection "is not true as a categorical statement of the law because it does not take full account of the requirement of ORAP 5.45(2) as interpreted in State v. Brown , 310 Or. 347, 355, 800 P.2d 259 (1990), that the error of law must be 'apparent,' meaning 'obvious, not reasonably in dispute' ").