Argued and submitted July 12, 2019, affirmed February 5, petition for review dismissed April 28, 2020 (366 Or 382)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARMANDO GALLEGOS,
*Defendant-Appellant.*

Washington County Circuit Court
16CR27405; A166485

460 P3d 529

In this criminal case, defendant challenges the imposition of over $1 million in restitution after he pleaded guilty to one count of first-degree manslaughter, ORS 163.118, two counts of second-degree assault, ORS 163.175, and one count of driving under the influence of intoxicants, ORS 813.010. Defendant asserts (1) that the trial court erred by determining that there was "good cause" to impose restitution beyond the 90-day deadline established by ORS 137.106(1)(a); and (2) that the trial court committed plain error by failing to follow, in the absence of "good cause," the procedural requirements for crime victims to assert their constitutional rights set forth in ORS 147.500 to 147.550. In response, the state concedes that the trial court erred in concluding that "good cause" existed to excuse the 90-day statutory deadline, but nevertheless argues that the trial court did not plainly err because, consistent with prior cases, the trial court had authority to impose restitution under Article I, section 42, of the Oregon Constitution. *Held*: In light of the competing arguments offered by defendant and the state, the alleged error is not "obvious" for purposes of the plain-error requirements; accordingly, the trial court did not plainly err in imposing restitution after 90 days.

Affirmed.

Eric Butterfield, Judge.

Mary M. Reese, Deputy Public Defender, argued the cause for Appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Gregory A. Rios, Assistant Attorney General, argued the cause for Respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Landau, Senior Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal case, defendant challenges the imposition of over \$1 million in restitution after he pleaded guilty to one count of manslaughter in the first degree, ORS 163.118, two counts of assault in the second degree, ORS 163.175, and one count of driving under the influence of intoxicants (DUII), ORS 813.010, resulting from a head-on collision on Highway 26. Defendant asserts (1) that the trial court erred by determining that there was "good cause" to impose restitution beyond the 90-day deadline established by ORS 137.106(1)(a); and (2) that the trial court committed plain error by failing to follow, in the absence of "good cause," the procedural requirements for crime victims to assert their constitutional rights set forth in ORS 147.500 to 147.550. In response, the state concedes that the trial court erred in concluding that "good cause" existed to excuse the delay past the 90-day statutory deadline but nevertheless argues that we should affirm the trial court's imposition of restitution. In the state's view, the trial court's failure to follow the procedures outlined in ORS 147.500 to 147.550 does not constitute plain error and, even if the trial court did plainly err, we should decline to exercise our discretion to correct that error. As explained below, we conclude that the trial court did not plainly err, and, accordingly, we affirm.

The relevant facts are procedural and undisputed. After waiving his right to a jury trial and pleading guilty, defendant was sentenced on January 26, 2017, and a judgment of conviction was entered on March 7, 2017. At the sentencing hearing, the state asked the trial court to leave restitution open for 90 days, which the court granted. The state, however, neglected to request a restitution hearing within the 90-day statutory deadline prescribed by ORS 137.106(1)(a), later explaining that it was, in part, because of the termination of a staff member assigned to handle restitution issues.[1]

---

[1] ORS 137.106(1)(a) provides, in part, "When a person is convicted of a crime, or a violation as described in ORS 153.008, that has resulted in economic damages, the district attorney shall investigate and present to the court, at the time of sentencing or within 90 days after entry of the judgment, evidence of the nature and amount of the damages. The court may extend the time by which the presentation must be made for good cause."

On August 31, 2017, the state filed a motion requesting a restitution hearing. In its motion, the state acknowledged that "[t]he district attorney's office [was] solely responsible for the failure to make a timely restitution request on the [victims'] behalf," but asked the court to grant its request to "honor the [victims'] right to receive restitution."

The trial court granted the state's motion and held a restitution hearing on November 1, 2017. At the hearing, the state asserted that, despite the untimely request, the victims have a constitutional right to restitution under Article I, section 42(1)(d), of the Oregon Constitution.[2] Emphasizing that it was seeking restitution "on behalf of [the] victims," the state argued that, under *State v. Thompson*, 257 Or App 336, 306 P3d 731, *rev den*, 354 Or 390 (2013), and *State v. Wagoner,* 257 Or App 607, 307 P3d 528 (2013), the trial court had constitutional authority to impose restitution beyond the 90-day deadline. In response, defendant argued that according to *State v. Aguilar-Ramos*, 284 Or App 749, 395 P3d 65 (2017), and *State v. Biscotti*, 219 Or App 296, 182 P3d 269 (2008), a trial court could extend the 90-day deadline only for "good cause" and that the state's inadvertence and carelessness could not constitute "good cause."

The trial court concluded that, despite the state being "the sole catalyst of the delay," "good cause" existed "because it would be fundamentally unfair for the victims to suffer because of an error for which they did not contribute or cause." Thus, the trial court entered a supplemental judgment ordering defendant to pay $1,061,747.45 in restitution to the victims.

On appeal, defendant reasserts his argument that the state failed to establish "good cause" as required by ORS 137.106(1)(a). In addition, defendant contends that, although "*Thompson* and *Wagoner* identified Article I, section 42[,] as the authority authorizing the court to remedy the violation of the victim's right" to restitution, a trial court must follow the procedural steps outlined by the legislature in ORS 147.500 to 147.550 before it can order restitution.

---

[2] Article I, section 42(1)(d), of the Oregon Constitution provides a crime victim with "[t]he right to receive prompt restitution from the convicted criminal who caused the victim's loss or injury."

Defendant readily acknowledges, however, that he did not raise the latter argument before the trial court. He first argues that preservation is not needed when a trial court "exceeds its sentencing authority," citing *State v. Cook*, 108 Or App 576, 582, 816 P2d 697 (1991), *rev den*, 312 Or 588 (1992) ("If a sentencing court exceeds its statutory authority in imposing a specific sentence, that is an 'error of law' that may be addressed without an objection to the sentencing court."), and alternatively, he asks for plain-error review.

In response, the state concedes that, under *Biscotti* and the circumstances in this case, the trial court erred in concluding that "good cause" existed. Nevertheless, the state asserts that the court still had authority under Article I, section 42, as articulated by *Thompson* and *Wagoner*, to impose restitution after 90 days. The state also remonstrates that the failure to follow the statutory procedures set forth in ORS 147.500 to 147.550 is not plain error because such a requirement is neither "obvious" nor "apparent."

Although we accept the state's concession that the trial court erred in concluding that there was "good cause,"[3] we also agree with the state's position that *Thompson* and *Wagoner* authorize a trial court to order restitution beyond the 90-day deadline to remedy the violation of a victim's constitutional right. *See Thompson*, 257 Or App at 342 (noting that the right of a victim to receive restitution "is created by the Oregon Constitution. That is, the right of a victim to receive compensation is not 'purely statutory' because the statutory scheme itself does not create the right of a victim to receive prompt restitution."). In so concluding, we do not understand defendant's argument to challenge *Thompson* and *Wagoner* directly; rather, the issue raised by defendant's second argument is whether a court errs, in the absence of good cause, by ordering restitution beyond the 90-day statutory deadline without following the procedures outlined in ORS 147.500 to 147.550.

---

[3] Our recent decision in *State v. Taylor*, 300 Or App 626, 635, 455 P3d 609 (2019), determining that "the focus of the good cause inquiry *** is on what has caused the district attorney's delay in presenting evidence," further supports the conclusion that "good cause" did not exist in this case.

As an initial matter, we recently rejected a contention similar to defendant's argument that preservation is not required when a court exceeds its sentencing authority. In *State v. Waldron*, 298 Or App 180, 445 P3d 391 (2019), the defendant relied on *Cook* and *State v. Farmer*, 317 Or 220, 856 P2d 623 (1993), to make that argument. We explained:

> "To the extent defendant suggests that our decision in *Cook* creates an exception to ordinary preservation principles or alters the requirements for plain-error review under ORAP 5.45 when a sentencing court exceeds its statutory authority, he is incorrect. *See Farmer*, 317 Or at 224 n 4 (observing that our statement in *Cook* about the need for an objection is not true as a categorical statement of the law because it does not take full account of the requirement of ORAP 5.45(2) as interpreted in *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990), that the error of law must be apparent, meaning obvious, not reasonably in dispute)."

*Waldron*, 298 Or App at 185 n 1 (internal quotation marks omitted). For the same reasons, we reject defendant's assertion that preservation is not required in this case.

Turning to defendant's alternative argument, when a party fails to preserve a claim of error, we have discretionary authority to review whether the trial court committed plain error. ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). Plain error is an error that is (1) one of law; (2) obvious, *i.e.*, not reasonably in dispute; and (3) apparent on the record. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If the plain-error test is satisfied, we must then determine whether to exercise our discretion to review the error. *Id*. at 630 ("That discretion entails making a prudential call that takes into account an array of considerations, such as the competing interests of the parties, the nature of the case, the gravity of the error, and the ends of justice in the particular case.").

Here, defendant's claim of error does not qualify as plain error because it is not obvious or beyond reasonable dispute. On the contrary, our cases have not addressed whether, in the absence of "good cause," the state must follow the statutory procedures outlined in ORS 147.500 to

147.550, before a court can order restitution.[4] Further, both parties advance reasonable competing arguments on that issue.

Defendant does not contest that a victim has "[t]he right to receive prompt restitution" under the Oregon Constitution. Or Const, Art I, § 42(1)(d). Rather, defendant argues that, because Article I, section 42(3)(c) authorizes the legislature to effectuate a victim's constitutional right, the trial court must follow "the procedural path outlined in ORS 147.500 to 147.550" when ordering restitution after the 90-day deadline. *See* Or Const, Art I, § 42(3)(c) ("The Legislative Assembly may provide by law for further effectuation of the provisions of this subsection ***."). Specifically, defendant argues that the state in this case failed to properly assert a claim because under ORS 147.500 to 147.550

> "a victim who wishes to allege a violation of a right granted by Article I, section 42, must inform the court within 30 days of the date the victim knew, or reasonably should have known, of the facts supporting the allegation. ORS 147.515(1). The victim then must describe those facts and propose a remedy. *Id*. If the trial court deems the victim's claim to be facially valid, it must issue an order to 'show cause why the victim should not be granted relief,' ORS 147.517(2), and may hold a hearing on the victim's claim, ORS 147.530(1). At the conclusion of that hearing, the trial court must issue an order granting or denying the relief requested. ORS 147.530(4). A party not satisfied with the court's order may seek review in this court pursuant to ORS 147.535, 147.537, and 147.539."

*State v. Algeo*, 354 Or 236, 241, 311 P3d 865 (2013). Thus, defendant submits that, because the state and the trial court did not follow the steps articulated in ORS 147.500 to 147.550, the trial court did not have authority, absent good cause, to order restitution beyond the 90-day deadline.

---

[4] Our cases addressing the imposition of restitution beyond the 90-day statutory time limit either (1) discuss "good cause" and make no mention of the constitutional authority to award restitution, or (2) discuss the constitutional authority, but make no mention of the need for "good cause." Compare *Taylor*, *Aguilar-Ramos*, and *Biscotti*, which discuss the former, with *Thompson* and *Wagoner*, which discuss the latter. None of these cases, however, address the relationship, if any, between the requirements set forth in ORS 147.500 to 147.550 and the constitutional authority described in *Thompson* and *Wagoner*.

The state, as noted earlier, asserts that, "regardless of whether the prosecutor used the statutorily prescribed procedures for making a rights-violation claim," under *Thompson* and *Wagoner*, "a trial court has authority to impose restitution under Article I, section 42(1)(d) after ORS 137.106's 90-day restitution deadline has expired." Additionally, the state points to ORS 147.504, which provides, in part:

"(2)    Nothing in ORS 147.500 to 147.550:

"(a)    Affects the authority granted by law to the prosecuting attorney to assert the public's interest, including but not limited to:

"(A)    Asserting rights granted to victims by law; and

"(B)    Investigating and presenting to the court evidence relating to restitution."

Thus, according to the state, ORS 147.504(2)(a) "evinces a legislative intent to permit prosecutors to assert a victim's constitutional rights—particularly those relevant to restitution—outside of the prescribed procedures."

In light of these competing arguments and the lack of case law to support defendant's assertion, we cannot conclude that defendant's alleged error is "obvious"; rather, the competing arguments offered by defendant and the state demonstrate that defendant's alleged error is reasonably in dispute, which has the effect of precluding plain-error review. *See State v. Reyes-Camarena*, 330 Or 431, 436, 7 P3d 522 (2000) (holding that the alleged error was not plain, in part, because "[n]o Oregon appellate court ha[d] considered the issue, let alone held that defendant's position [was] correct"). Therefore, the trial court did not plainly err in ordering restitution beyond the 90 days; and, accordingly, we affirm the judgment of the trial court.

Affirmed.