***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted December 22, 2021, affirmed December 14, 2022,
petition for review denied March 30, 2023 (370 Or 827)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LARRY DEAN LEACH,
*Defendant-Appellant.*

Clatsop County Circuit Court
18CR22897; A172988

Paula Brownhill, Senior Judge.

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal appeal, defendant challenges his convictions for four counts of rape in the first degree, ORS 163.375, and two counts of using a child in a display of sexually explicit conduct, ORS 163.670. Defendant's first trial ended in a mistrial for reasons not at issue in this appeal. A second trial was held just over three months later, and the jury unanimously convicted defendant for his conduct against a single victim at that trial.[1] On appeal from that trial, defendant raises four assignments of error. In his first three assignments of error, defendant argues that the trial court erred in allowing the state to introduce testimony from the victim's mother and two former teachers that, in their opinion, the victim was a truthful person. For the reasons that follow, we conclude that those assignments of error were not preserved because defendant's objection was not made with sufficient particularity to allow the trial court to rule on the argument and correct any error, and we decline to conduct plain-error review. We further summarily reject defendant's fourth assignment of error that challenges the trial court's nonunanimous jury instruction, because the instructional error was harmless. *See, e.g.*, *State v. Ciraulo*, 367 Or 350, 354, 478 P3d 502 (2020), *cert den*, 594 US ___, 141 S Ct 2836, 210 L Ed 2d 950 (2021) (concluding that an erroneous nonunanimous jury instruction was "harmless beyond a reasonable doubt" when the verdicts were unanimous). Accordingly, we affirm.

To preserve an error for appeal, a party must demonstrate that the question or issue was presented to the trial court with sufficient particularity to allow the court to rule on the question or issue and correct any error immediately, if correction is warranted. *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). One of the underlying purposes of the preservation requirement is to ensure that the opposing party and the trial court were given enough information "to be able to understand the contention and to fairly respond to it." *State v. Walker*, 350 Or 540, 552, 258 P3d 1228 (2011).

---

[1] The jury also found defendant guilty of four counts of sexual abuse in the first degree; however, those counts merged with the four counts of first-degree rape.

On appeal, defendant asserts that he preserved the argument that the trial court erred in allowing the state to elicit opinion evidence about the victim's character for truthfulness when the victim's character had not yet been attacked by opinion testimony, as OEC 608(1)(b) requires, which constituted impermissible vouching evidence.[2] The objection that defendant asserts preserved that issue occurred when the state questioned the victim's mother:

> "[Prosecutor]:   Do you have an opinion as to whether your—about the believability or credibility of your—excuse me. Back up.
>
> "Do you have an opinion about the truthfulness of your daughter?
>
> "[Defendant]:   Objection, Your Honor. I don't think [the prosecutor] has, one, laid the proper foundation for opinion testimony for this witness.
>
> "THE COURT:   Overruled.
>
> "[Prosecutor]:   Do you have an opinion?
>
> "[Victim's mother]:   I do. I—
>
> "[Prosecutor]:   What's your opinion?
>
> "[Victim's mother]:   In my opinion, my daughter is truthful."

There was no other discussion about defendant's objection, and defendant did not reference, much less incorporate, any of the discussion around this testimony from the first trial.

The prosecutor later asked two of the victim's former teachers similar questions (*i.e.*, "Do you have an opinion as to whether she's a truthful person?" and "Do you have an opinion as to whether or not she is a truthful person?"). Defendant did not object to the teachers' testimony, but

---

[2]  OEC 608(1) provides:

"The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but:

"(a)  The evidence may refer only to character for truthfulness or untruthfulness; and

"(b)  Evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."

posits that, given that the trial court overruled the objection to the victim's mother's testimony, any such objection would have been futile.

As the parties' arguments on appeal suggest, there are three bases that defendant's objection could have referred to when it was made before the trial court. First, the objection could have been intended to call into question whether the state laid a proper foundation to establish that the witness was qualified to give an opinion about the victim's character for truthfulness. *See, e.g., State v. Paniagua*, 268 Or App 284, 290, 341 P3d 906 (2014) (explaining that the proponent must "lay an appropriate foundation," which requires the proponent "to establish the character witness's personal knowledge of the person's reputation or character" before a court will admit evidence of a person's character for truthfulness under OEC 608(1)). Second, the objection could have been to the form of the question, *viz.*, that the phrasing of the question would elicit an answer that constituted improper vouching. *See* OEC 608(1)(a). Third, the objection could have been levied on the basis that the victim's character for truthfulness had not yet been attacked. *See* OEC 608(1)(b).

We understand defendant to argue on appeal that, given the context provided by the first trial—during which the parties and the court discussed the application of OEC 608—and the fact that the witness was the victim's mother, the objection could only have referred to the basis under OEC 608(1)(b): that the victim's character for truthfulness had not yet been attacked. We conclude, however, that defendant's objection—that the state had not "laid the proper foundation for opinion testimony for this witness"—was not specific enough to clarify which of the three possible bases the objection referenced. It may be possible to infer which meaning defendant's objection more likely intended to capture with the benefit of argument from the parties and reference to the first trial that took place more than three months earlier. Preservation principles, however, require that the objection is "specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *Wyatt*, 331 Or at 343. Here, the

objection to the alleged error was not particular enough for the trial court to consider and correct immediately. For that reason, we conclude that defendant's first three assignments of error are unpreserved.

Further, we decline defendant's invitation to review under the plain error doctrine. To qualify for plain-error review under ORAP 5.45, an error must be: (1) an error of law; (2) obvious and not reasonably in dispute; and (3) apparent on the record without requiring an appellate court to choose among competing inferences. *See, e.g.*, *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If the three-pronged plain-error test has been satisfied, we must then decide whether to exercise our discretion to review the error and explain our reasons for doing so. *Id.* at 630; *see also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). In this case, we need not decide whether to exercise our discretion because the alleged error fails to meet the second prong of the plain-error analysis: it is not obvious, *viz.*, as demonstrated by the parties' arguments on appeal, the alleged error is reasonably in dispute. *See, e.g.*, *State v. Gallegos*, 302 Or App 145, 152, 460 P3d 529, *rev dismissed*, 366 Or 382 (2020) (explaining that the "competing arguments offered by defendant and the state demonstrate that defendant's alleged error is reasonably in dispute, which has the effect of precluding plain-error review").

Affirmed.