***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted April 24, conviction vacated, remanded for further proceedings,
otherwise affirmed August 30, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BEAU NICHLAS WILCOX,
*Defendant-Appellant.*

Clackamas County Circuit Court
20CR25768; A176201

Todd L. Van Rysselberghe, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Conviction vacated; remanded for further proceedings; otherwise affirmed.

**POWERS, J.**

In this criminal case, defendant appeals from a judgment convicting him of unlawful use of a weapon (UUW), ORS 166.220, after a jury found him guilty on that charge and acquitted him on other charges arising out of the same incident. Raising three assignments of error, defendant first argues that the trial court plainly erred by failing to *sua sponte* instruct the jury that it must agree on which factual occurrence constituted the UUW charge. Second, defendant assigns error to the trial court's imposition of a 60-month firearm minimum prison sentence, asserting that the court plainly erred when it imposed the sentence under ORS 161.610 without instructing the jury on the aggravating firearm element. Third, defendant contends that the trial court plainly erred by failing to *sua sponte* instruct the jury that it must concur on which factual occurrence supported the imposition of the firearm-minimum sentence. The state remonstrates that the trial court did not plainly err by failing to provide a jury-concurrence instruction but concedes that imposing the firearm minimum was error. We first conclude that there is reasonable dispute as to whether the court erred in failing to give a jury-concurrence instruction for UUW; thus, any error was not plain. Second, we accept the state's concession and agree with the parties' arguments that it was error for the court to impose the firearm minimum without properly instructing the jury. Our resolution of the second assignment of error obviates the need to reach defendant's third assignment. Accordingly, defendant's UUW with a firearm conviction is vacated, and we remand for further proceedings.

Because the parties are familiar with the case, we do not provide a recitation of the factual and procedural background for this nonprecedential memorandum opinion.

In his first assignment of error, defendant contends that, under Article I, section 11, of the Oregon Constitution, the jurors were required to agree on the factual occurrence that supported the UUW charge.[1] Whether the trial court

_____

[1] Article I, section 11, provides, in part:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed[.]"

is required to give a concurrence instruction to the jury is a question of law, which we review for legal error, viewing the evidence in support of the instruction in the light most favorable to the party seeking the instruction. *State v. Theriault*, 300 Or App 243, 250, 452 P3d 1051 (2019). Where, as here, defendant has not preserved the claim for review on appeal, we may reach the merits of the claim only if it qualifies as plain error; that is, the error is one of law, is obvious and not reasonably in dispute, and is apparent on the record. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

Defendant argues that the evidence put forth by the state in this case would have allowed the jury to find that he committed UUW at three distinct points: when defendant possessed the firearm with the intent to use it unlawfully, when he pointed the firearm and threatened to kill the victim, or when he hit the victim with the firearm. Defendant asserts that the state argued at trial that the jury could find defendant guilty based on any of those distinct occurrences, and he contends that the court was required to *sua sponte* instruct the jurors that they must concur on which of the three factual occurrences constituted UUW. Failure to provide such instructions, he argues, was plain error.

The state remonstrates that no jury-concurrence instruction was required. First, it contends that evidence that defendant possessed the gun with the intent to use it unlawfully did not require a concurrence instruction because the legislature provided for alternative means of proving the "unlawful use" element of UUW. Second, regarding evidence that defendant pointed and hit the victim with the firearm, the state asserts that no concurrence instruction was required because "the state presented evidence of a brief, continuous course of conduct that amounted to a single occurrence of UUW." In such instances, the state argues, it is not required to distinguish the particular act that constituted the offense, and the jury was "required to agree only that defendant's course of conduct satisfied the elements of the UUW charge." Finally, the state asserts that, even if the court did err, any error was not plain.

To qualify for plain-error review under ORAP 5.45, an error must be: (1) an error of law; (2) obvious and not

reasonably in dispute; and (3) apparent on the record without requiring an appellate court to choose among competing inferences. *See, e.g.*, *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (stating requirements of plain-error review). If all three parts of the plain-error test have been satisfied, we must then decide whether to exercise our discretion to review the error and explain our reasons for doing so. *Id*. at 630; *see also Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (so stating). In this case, we need not decide whether to exercise our discretion because the alleged error fails to meet the second prong of the plain-error analysis. That is, any error is not obvious; as demonstrated by the parties' arguments on appeal, the alleged error is reasonably in dispute. An error that is reasonably in dispute does not qualify for plain-error review. *See, e.g.*, *State v. Gallegos*, 302 Or App 145, 152, 460 P3d 529, *rev dismissed*, 366 Or 382 (2020) (explaining that the competing arguments offered by the defendant and the state demonstrated that the alleged error was reasonably in dispute, which "has the effect of precluding plain-error review"). Because defendant's argument does not meet the plain-error standard, we reject it as unpreserved.

In his second assignment of error, defendant argues that the court plainly erred by imposing a 60-month firearm sentence despite failing to instruct the jury relating to the aggravating firearm element. Where the factfinder finds that a defendant "use[d] or threatened [to] use" a firearm during the commission of a felony, the court is authorized to impose a lengthier sentence under ORS 161.610. Defendant contends that "use or threatened use of a firearm" is an element that requires the state to prove that defendant discharged or threatened to discharge the firearm. *See State v. Harris*, 174 Or App 105, 112, 25 P3d 404 (2001) (holding that, in the context of ORS 161.610, "use or threatened use" of a firearm refers to discharging or threatening to discharge the weapon). Based on the evidence presented, the jury could have found that defendant "use[d]" the firearm in the commission of a felony simply by striking the victim with the firearm, which, the parties agree, would be inconsistent with our case law. We agree with the parties' arguments and conclude that the trial court plainly erred by imposing

the firearm sentence without instructing the jury on what constitutes "use or threatened use of a firearm" for purposes of ORS 161.610. Further, given the gravity of the error and the ends of justice, we exercise our discretion to correct the error. *See, e.g.*, *State v. Bowen*, 280 Or App 514, 535-36, 380 P3d 1054 (2016) (exercising discretion to correct plain error in failing to give a jury concurrence instruction where there was no plausible strategic reason for failure to request the instruction); *State v. Medina*, 234 Or App 684, 691, 228 P3d 723 (2010) (accepting the state's concession on a claim of plain error related to imposing multiple firearm minimums and explaining that given "the gravity of the potential consequences to defendant (60 months of incarceration), and the minimal cost to the judicial system of a simple resentencing proceeding, we conclude that a remand serves the ends of justice").

Finally, defendant contends that the court erred by failing to instruct the jury that it must concur as to which factual occurrence supported the imposition of the firearm minimum sentence. Because we have already concluded that the court erred by imposing the firearm sentence without properly instructing the jury, we need not reach that argument. Accordingly, defendant's conviction for UUW with a firearm is vacated, and the case is remanded for further proceedings in which the state may seek to retry defendant on the firearm allegation or seek to resentence defendant without the firearm minimum.

Conviction vacated; remanded for further proceedings; otherwise affirmed.