34 December 24, 2025 No. 1106

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CARMEN ELSA McCLINTOCK-PEREZ,
*Defendant-Appellant.*

Polk County Circuit Court
24CR47153; A186122

Norman R. Hill, Judge.

Submitted November 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

## PAGÁN, J.

Defendant pleaded no contest to violating a court's stalking protective order and was sentenced to probation, subject to all the general conditions of probation including the condition that she "[o]bey all laws, municipal, county, state, and federal, and in circumstances in which state and federal law conflict, obey state law." ORS 137.540(1)(h). On appeal, defendant contends that the trial court erred in imposing that condition because it is invalid under the Supremacy Clause of Article VI of the United States Constitution and argues that preservation is excused because the condition appeared for the first time in the judgment. If preservation is not excused, defendant asks for plain error review. We conclude that preservation is not excused, conclude that the asserted error is not plain, and affirm.

The relevant facts are procedural. Defendant pleaded no contest pursuant to a plea agreement. As stated in her plea petition, the parties agreed to a dispositional departure sentence of "[three] years formal probation, anger management evaluation and treatment, mental health evaluation and treatment, no contact with victim or victim's family, return to court for any violations of no contact." The trial court followed the agreement and sentenced defendant to three years of probation. At the sentencing hearing, it announced that it was imposing the "standard terms and conditions of probation" and the additional conditions set out in the plea petition. Defendant did not object to any of the terms of her sentence.

Defendant first argues that the challenged condition appeared for the first time in the judgment, because the court's shorthand reference to the "standard terms and conditions of probation" during sentencing did not announce the condition that she "[o]bey all laws" and that, as a result, preservation should be excused. *See State v. Priester*, 325 Or App 574, 582-83, 530 P3d 118, *rev den*, 381 Or 332 (2023) (a shorthand reference sufficiently announces a sentencing condition in open court when "all parties had the same understanding of the meaning of the shorthand phrase and what it referred to" and the record shows that "the shorthand

phrase included the conditions that were eventually listed in the written judgment").

Probation is "a creature of statute." *State v. Carmickle*, 307 Or 1, 12, 762 P2d 290 (1988). The legislature has specified, in ORS 137.540(1), that the general conditions contained therein apply to a defendant sentenced to probation "unless specifically deleted by the court." Those general conditions do not vary by county, nor do they vary by court, unless a sentencing court explicitly removes them. We understand—and defendant does not dispute—that the trial court was referring to those statutory conditions when it announced that it was imposing the "standard terms and conditions of probation." As a result, the concern we addressed in *Priester*—that shorthand references to "packages" of probation conditions may have different, unspecified meanings depending on the county or the court—is not implicated here, even though the trial court did not specifically announce each condition of probation set out in ORS 137.540(1)(a) to (o). 325 Or App at 583.

Here, defendant had notice that the trial court was imposing the "obey all laws" condition: she signed a plea agreement specifying a sentence of "formal probation"; the generally applicable statutory conditions of probation are set out in ORS 137.540(1), which includes the challenged condition, ORS 137.540(1)(h); and the trial court announced in open court that it was imposing those "standard terms." The challenged condition did not, therefore, appear for the first time in the judgment and defendant had an opportunity to object to it at sentencing. Under the circumstances, preservation is not excused and our review is limited to plain error. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) ("Generally, an issue not preserved in the trial court will not be considered on appeal."); ORAP 5.45(1) (recognizing our discretionary authority to correct "plain" errors).

We conclude that the court did not plainly err in imposing the challenged general condition of probation that defendant "[o]bey all laws, municipal, county, state, and federal, and in circumstances in which state and federal law conflict, obey state law." ORS 137.540(1)(h). An error is "plain" when it is "an error of law, obvious and not reasonably

in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Defendant argues that the probation condition is preempted under the Supremacy Clause because the instruction to obey state law "in circumstances in which state and federal law conflict" renders compliance with both state and federal law an "impossibility," and, to the extent that a state law conflicts with federal law, the state law "ceases to be operative." The state argues that the error is not plain because defendant does not identify any appellate decision concluding that the probation condition is unconstitutional on that ground. It argues further that compliance with both state and federal law is not an "impossibility," noting that the challenged provision serves to *narrow* the directive to "[o]bey all laws," and observing that defendant does not identify a state law that compels conduct that federal law prohibits, or vice versa. Defendant is free to obey both state and federal law—she simply cannot be found to have violated her probation as long as she obeys state law and any federal law that does not conflict with state law.

In light of the parties' competing arguments and lack of direct authority for the asserted error, the legal point is reasonably in dispute and is not obvious. *See State v. Reyes-Camarena*, 330 Or 431, 436, 7 P3d 522 (2000) (asserted error is not plain because the legal point is reasonably in dispute and no Oregon appellate court has considered the issue or held that defendant's position is correct); *State v. Gallegos*, 302 Or App 145, 152, 460 P3d 529, *rev dismissed,* 366 Or 382 (2020) (alleged error is not plain in light of competing arguments and the lack of case law to support defendant's assertion). The trial court did not plainly err in imposing the general condition of probation set out in ORS 137.540(1)(h).

Affirmed.