No. 384 May 6, 2026 353

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SERGIO CRUZ,
*Defendant-Appellant.*

Jefferson County Circuit Court
24CR58091; A186266

Daina A. Vitolins, Judge.

Submitted March 13, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Affirmed.

_____
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Defendant appeals a judgment of conviction for second-degree criminal mischief. On appeal, in his only assignment of error, he contends that the trial court plainly erred in imposing a probation condition requiring defendant to "[o]bey all laws, municipal, county, state, and federal, and in circumstances in which state and federal law conflict, obey state law." Specifically, defendant contends that that probation condition violates the Supremacy Clause of Article VI of the United States Constitution. We affirm.

Defendant's argument is foreclosed by our decision in *State v. McClintock-Perez*, 346 Or App 34, 583 P3d 574 (2025), in which we rejected the same argument that defendant makes concerning the same probation condition imposed on a different defendant, concluding that, in "light of the parties' competing arguments and lack of direct authority for the asserted error, the legal point is reasonably in dispute and is not obvious." *Id.* at 37. That is, if there was any error in imposing the challenged probation condition for the reason that defendant contends, the error is not plain. *See id.* at 36-37 (describing requirements for "plain error").

Affirmed.