No. 563 June 17, 2026 749

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CAMERON ALEXANDER MOYLE STILES,
aka Cameron Alex Stiles,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR09487; A181923

Bryan B. Francesconi, Judge.

Submitted April 23, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed

**POWERS, J.**

In this criminal proceeding, defendant appeals from a judgment of conviction for fleeing or attempting to elude a police officer and reckless driving. In two assignments of error, defendant challenges (1) the denial of his motion for judgment of acquittal on the fleeing or attempting to elude charge because officers did not pursue defendant, and (2) the trial court's jury instruction on the same charge. Defendant does not challenge his reckless driving conviction. For the reasons explained below, we reject both assignments of error and affirm.

Because the parties are familiar with the undisputed procedural and factual background, we do not provide a recitation for this nonprecedential memorandum opinion. On appeal, defendant contends that, when he left the traffic stop, the officers did not pursue him; rather, they drove the speed limit in the same direction as defendant's vehicle, a Cadillac DeVille, did not turn on their lights or sirens, and even acknowledged a difference between "pursuing" someone and merely following someone. Thus, in defendant's view, using the ordinary meaning of "pursue," there was insufficient evidence to conclude that defendant was fleeing or attempting to elude a "pursuing police officer" as required by ORS 811.540(1)(b)(A). We readily conclude that the trial court did not err in denying his motion for judgment of acquittal.

In reviewing the denial of a motion for judgment of acquittal, we view the evidence in the light most favorable to the state to determine "whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt." *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). Under that standard of review, there was sufficient evidence adduced at trial for the trial court to deny defendant's motion.

When the officers stopped defendant for a traffic violation, they placed a "stop-stick," which is a device designed to spike tires, "under the passenger, rear tire" in case defendant tried to drive away. After he was told that he was not free to leave and that he could be charged with additional crimes if

he left, defendant drove away over the "stop-stick." He was not moving fast enough to activate it, so it did not deflate any of his tires as he pulled away. The officers followed defendant from a distance, observing the speed limit, and did not engage in a traffic "pursuit," which was described as using "lights, sirens, [and] on the radio letting everybody know that we're pursuing this vehicle." After a few blocks, one officer attempted a "PIT maneuver," which is an attempt to spin another car and force it to stop. As the officer hit defendant's Cadillac, spinning it slightly, defendant accelerated out of it, drove over a pile of bark dust, hit two parked cars, and continued driving away. Eventually, another officer conducted another "PIT maneuver" to successfully stop defendant.

From that evidence, and even accepting defendant's interpretation of the elude offense, a reasonable factfinder could conclude that driving over the "stop-stick" and accelerating out of a PIT maneuver after being told not to leave both evidenced defendant's attempt to flee or elude a pursuing officer. Accordingly, we reject defendant's first assignment of error.

In his second assignment of error, defendant contends that the trial court's instruction improperly permitted the jury to convict defendant without finding that defendant was knowingly fleeing or knew that he was being pursued. Defendant asserts that he preserved his argument for appellate review—which the state contests—and he further argues that, even if he did not preserve the challenge that he pursues on appeal, we should reach his contention under the plain-error doctrine. *See* ORAP 5.45(1) (providing that "the appellate court may, in its discretion, consider a plain error"); *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (outlining requirements of plain-error review). The state contends that defendant failed to preserve his argument and that it does not meet the requirements for review as plain error. On the merits, the state remonstrates that viewing the instructions as a whole, *State v. Hurtado*, 335 Or App 560, 569, 558 P3d 1267 (2024), *rev den*, 373 Or 305 (2025), the trial court properly instructed the jury regarding the required mental state, *viz.*, that the jury must find that defendant "knowingly fled or attempted to elude a pursuing

police officer." According to the state's argument, although the "knowingly" instruction highlighted the signal to stop, the jury also had the court's earlier instruction that it had to find that defendant acted knowingly as to the "flees or attempts to elude a pursuing police officer" element.

We reject defendant's second assignment of error for two adequate and independent reasons. First, we conclude that defendant did not preserve his argument and that his argument does not qualify for plain-error review. He did not preserve the argument because he did not object to the knowingly and with knowledge instruction, he did not raise an objection after the trial court asked him to read the printed instruction, and he did not take any exception to that instruction after the court read the instructions to the jury. As to plain error, the parties' arguments demonstrate that the legal point is not "obvious," and the circumstances are reasonably in dispute such that we would have to choose between competing inferences on how to view the jury instructions as a whole. *See, e.g.*, *State v. Farmer*, 317 Or 220, 224, 856 P2d 623 (1993) (explaining that an "open issue" is not an "obvious" error if it is "reasonably open to dispute"); *State v. Gallegos*, 302 Or App 145, 152, 460 P3d 529, *rev dismissed*, 366 Or 382 (2020) (explaining that the competing arguments offered by the parties demonstrated that the alleged error was reasonably in dispute, which "has the effect of precluding plain-error review"). Therefore, defendant has failed to meet the plain-error requirements.

Second, even if defendant's claim met the plain-error requirements, we would not exercise our discretion to correct the error because it is one in which an objection to the instruction could have avoided any error in the first place. *See, e.g.*, *State v. Dowd*, 342 Or App 57, 75, 575 P3d 166, *rev den*, 374 Or 421 (2025) (declining to exercise our discretion to reach an instructional error issue because, among other reasons, the error "could have been easily corrected" if the defendant pointed it out); *State v. Wiltse*, 373 Or 1, 25, 559 P3d 380 (2024) (explaining that "[a]bsent an objection, an instructional error is unlikely to be the basis for a reversal in most cases").

Affirmed.